JOHN M. MOORE *vs.* AUGUSTUS N. LORING & another.
SAME *vs.* JOSEPH L. BRUCE & another.

A judgment creditor, who has sued a bond taken from the debtor, with sureties, in the usual form, to dissolve an attachment of the debtor's goods on mesne process, does not lose his right to enforce the bond, if pending the suit he arrests the debtor on execution; and if the debtor, for relief from the arrest, enters into a recognizance, with a surety, under the Gen. Sts. *c.* 124, § 10, and is defaulted thereon, the creditor may pursue his remedies both on the bond and the recognizance, to the extent of obtaining the amount of his judgment with interest and costs.

TWO ACTIONS OF CONTRACT; the first against Augustus N. Loring and Alonzo W. Putney as sureties on a bond of Joseph

L. Bruce, given to dissolve an attachment of goods and estate of Bruce in an action of this plaintiff against him; the second against Bruce as principal and Loring as surety in a recognizance taken under the Gen. Sts. *c.* 124, § 10. The writ in the first action was dated January 20, 1870; in the second action, March 21, 1870.

On April 9, 1869, the plaintiff began an action of contract against Bruce by a writ returnable into the superior court for this county at July term 1869, upon which writ goods and estate of Bruce were attached, which attachment he, with these defendants Loring and Putney as sureties, on April 10, 1869, gave bond in the usual form to dissolve.

On December 18, 1869, the plaintiff recovered judgment against Bruce in said action, and took out execution December 23, 1869. Upon this execution Bruce was arrested February 8, 1870, and on the same day applied to take the oath for the relief of poor debtors and entered into the recognizance, under the Gen. Sts. *c.* 124, § 10, with the defendant Loring as surety.

The plaintiff's judgment never has been satisfied; and Bruce was defaulted on his recognizance.

The two cases were submitted to the determination of the superior court, on statements of the foregoing facts; judgments were ordered thereon for the defendants; and the plaintiff appealed.

*J. O. Teele*, for the plaintiff.

*D. F. Crane*, for the defendants. 1. Both actions are for the same cause.

2. The bond was discharged by the taking of the recognizance.

3. No action can be maintained upon the bond, against the sureties alone.

4. The agreed facts do not show that any affidavit was made for the arrest of Bruce, or that the recognizance was taken before a magistrate duly authorized, or that there was any breach of the recognizance; and the omissions are not to be supplied by presumptions in favor of the plaintiff.

AMES, J. It is not contended on the part of the defendants, that either the condition of the bond, or that of the recognizance,

has been literally fulfilled. The principal debtor did not pay the amount of the judgment, according to the tenor of the bond, and he did not deliver himself up for examination according to the condition of the recognizance. But the defendants insist that the mode in which the plaintiff has endeavored to enforce payment of the judgment has had the effect to discharge them from their responsibility as sureties, both upon the bond and the recognizance.

The judgment debtor was arrested upon the execution after the liability of the defendants upon the bond had attached. The case of *Murray* v. *Shearer*, 7 Cush. 333, decides that an arrest of the judgment debtor under such circumstances does not discharge the sureties upon a bond, even though upon such arrest he was committed to prison, and discharged on taking the poor debtor's oath. The damages recoverable against them are not affected by an unsuccessful attempt to recover them of the principal debtor. Upon the authority of that case, the plaintiff, in his suit upon the bond, is clearly entitled to prevail. No collateral security is lost or waived by the mere legal operation and effect of committing the debtor to prison. *Twining* v. *Foot*, 5 Cush. 512.

With regard to the suit on the recognizance, the case is equally clear. The plaintiff was not confined to his remedy upon the bond, but had a right to arrest the debtor on the unsatisfied execution. Such arrest, if made, would be subject to all the legal incidents of arrest on execution, and the debtor would be entitled to the benefit of the law for the relief of debtors so situated. The recognizance is broken by his failure to submit himself to examination, and it is no defence to his surety that the plaintiff was endeavoring to enforce his remedy upon the bond. The bond and the recognizance are cumulative securities for the same debt. The creditor may enforce both of them by suit, to the extent and for the purpose, however, of obtaining the amount of his original judgment with interest and costs, the payment of which will be in full for his claim in both actions.