FREDERICK U. TRACY *vs.* NATHANIEL C. A. PREBLE & others.

Suffolk.    Nov. 12, 1874. — Jan. 11, 1875.    WELLS & DEVENS, JJ., ab-
sent.

A constable, being arrested on an execution obtained against him for a wrongful at-
tachment of property, entered into a recognizance with surety, under the Gen.
Sts. c. 124, and afterwards made default thereon.  Pending a suit upon the recog-
nizance, an action was brought against him and his sureties upon his official bond
for the same judgment debt.  *Held*, that the pendency of the suit upon the recog-
nizance was no bar to this action.

CONTRACT in the name of the city treasurer, for the benefit of
Francis W. Mitchell, against the principal and sureties on the
official bond of Benjamin F. Roberts, a constable of the city of
Boston.

Trial in the Superior Court, before *Putnam*, J., who reported
the case to this court, in substance as follows :

It was admitted that the defendant Roberts was a constable of
the city of Boston, and that he gave the bond in question, with
the defendants Preble and Going as his sureties.  It appeared in
evidence, uncontradicted, that P. L. Riggs and John S. Eldridge
brought separate actions against one W. H. Hawley in the Muni-
cipal Court for the city of Boston, commanding the officer to at-
tach the property of Hawley ; that the writs in these actions
were put into the hands of Roberts for service ; that Roberts, in
the service of the same, attached the property of Mitchell as the
property of Hawley, and held the same under his attachment for
some time, until it was finally released by him ; that Mitchell
thereupon brought an action against Roberts for the conversion of
the property so attached, and recovered judgment against Rob-
erts for the sum of $100 damages, and $34.07 costs of suit.  Ex-
ecution was duly issued on this judgment, and not having been
paid on demand, Roberts was arrested upon that execution, and
gave a recognizance in due form under the poor debtor's act, to
appear before the magistrate ; and having appeared and entered
upon his examination, he made default before the examination
was concluded.  Mitchell thereafter commenced suit upon the
recognizance against the surety, which suit is now pending in the
Superior Court.  The suit at bar was brought after the return of
the execution against Roberts, in no part satisfied.  There was no

other evidence of any demand made upon Roberts to pay the judgment recovered against him in the action of Mitchell *v.* Roberts, before bringing this suit, except so far as appears from the fact that the execution was served upon him, and the proceedings had, before recited, under the poor debtor's act.

The defendants contended that the aforesaid proceedings by Mitchell were a bar to his recovery in the present action; but the judge ruled that the plaintiff might recover, ordered a verdict for the plaintiff, and reported the case for the determination of this court, upon the aforesaid ruling. "If the ruling is correct, and the plaintiff can recover, the verdict is to stand, and judgment is to be entered upon it and the case remitted to the Superior Court to determine the amount for which execution is to issue. If the plaintiff cannot recover, the verdict is to be set aside and a new trial ordered."

*N. B. Bryant*, for the defendants.

*I. Knowles, Jr.*, for the plaintiff.

COLT, J. Mitchell, for whose benefit this action is prosecuted against the defendants as sureties on the official bond of one Roberts, a constable of the city, had, before the commencement of this suit, obtained judgment against Roberts alone for the same wrongful official act. Upon this judgment an execution was issued, upon which Roberts was arrested and entered into a poor debtor's recognizance. He made default upon this recognizance, and, upon the return of the execution unsatisfied, Mitchell brought an action upon it, which is still pending.

The court ruled, against the defendants' request, that the arrest of Roberts, his default, and the pendency of the suit on the recognizance, were no bar to this suit upon his official bond, and this ruling was right.

The commitment of a judgment debtor on execution was a satisfaction of the judgment at common law. It is not so where the debtor is discharged from arrest by giving recognizance under our statutes. Gen. Sts. c. 124, § 22. The right to proceed against other parties who stand in the relation of sureties for the same debt is not defeated except by the actual payment of the judgment, and the creditor may proceed against different parties at the same time until that result is reached. *Murray* v. *Shearer*, 7 Cush. 333. *Moore* v. *Loring*, 106 Mass. 455.

*Judgment on the verdict.*