### ALBERT A. PEASE vs. ROBERT O. MORRIS.

Hampden.   Sept. 23.— Nov. 1, 1884.   C. ALLEN & COLBURN, JJ., absent.

Under the Pub. Sts. c. 164, § 8, and c. 171, § 16, a plaintiff who has obtained judg-
ment against an absent defendant on a default, and who has not given the bond
mentioned in c. 164, § 8, is not entitled to an execution after the expiration of
a year from the rendering of the judgment.

DEVENS, J.   This is a petition for a writ of mandamus to issue
to the clerk of the Superior Court for the county of Hampden,
commanding him to issue a writ of execution.   The allegations
of the petition are admitted; and the question presented is
whether the clerk is authorized to issue an execution on a
judgment recovered against an absent defendant, upon whom
no personal service has been made, more than a year having
expired since such judgment was rendered, and no bond ever
having been given by the plaintiff in accordance with the pro-
visions of the Pub. Sts. c. 164, § 8.   This section, with the Pub.
Sts. c. 171, § 16, are those more immediately involved in the
inquiry.   They are as follows :

" When judgment in a personal action is rendered as provided
in the preceding section upon the default of a defendant who is
out of the Commonwealth or whose residence is unknown, the
plaintiff shall not take out execution thereon within one year
thereafter, unless he first gives bond to the defendant with one
or more sufficient sureties in a sum equal to double the amount
recovered, with condition to repay the amount so recovered if
the judgment is reversed, or so much of the amount as shall
be recovered back upon a review to be brought by the original
defendant at any time within one year after the original judg-
ment."   Pub. Sts. c. 164, § 8.

" No original execution shall be issued, unless within one year
after the party is entitled to sue out the same ; and no alias or
other successive execution shall be issued afterwards, unless sued
out within five years after the return day of that which preceded
it."   Pub. Sts. c. 171, § 16.

It is the contention of the petitioner, that the plaintiff may
either obtain an execution within one year after judgment by
filing the bond prescribed, or that he may delay to do so for a

year after judgment, and then obtain an execution at any time within a year after the first year has expired.

That this construction is not in accordance with the law as it exists in regard to executions issued on judgments recovered before trial justices, which in a similar case it quite plainly appears can issue only upon the filing of a bond, the petitioner's argument concedes. Pub. Sts. *c.* 155, § 19. It concedes also that it is not the construction of the earlier statutes in relation to this subject. Sts. 1783, *c.* 57, § 1; 1797, *c.* 50, § 5.

The petitioner contends, however, that the phraseology of these laws has been changed, especially by the St. of 1859, *c.* 16, which is embodied in the Pub. Sts. *c.* 171, § 16; and that this change was made for the purpose claimed by him. While the phraseology of every statute is to be carefully considered, so that each word if possible may have its full force, slight changes in expression do not of necessity indicate an intention to change the existing law, or require us to attribute any forced meaning to words in order that such intention may appear. It is rather to be presumed that such change will be clearly expressed, especially if it is to be applied only to a class of cases which in principle cannot be distinguished from another class, certainly not to be affected by it.

The words "after the party is entitled to sue out the same," in *c.* 171, § 16, and the words "within one year thereafter," in *c.* 164, § 8, are those on which the petitioner relies, and which he contends are reconcilable only with his theory that the plaintiff is entitled to execution, after one year, without filing a bond. When *c.* 171, § 16, provides that execution shall not be taken out "unless within one year after the party is entitled to sue out the same," it is contemplated that a party is entitled to sue out the same when no further judicial action is necessary, and when all that remains for him is simply to take those steps which he is entitled to take, and on taking which the execution issues. By delaying to take these steps, he cannot extend the time within which execution may issue. When judgment by default is ordered upon a declaration upon bills or promissory notes before it is actually made up, the original notes or bills must be filed, the interest computed, and the sum thus ascertained for which execution is to issue. By delaying to file the notes and

bills, and to cause the judgment to be made up formally, a party cannot extend the time within which original execution is to issue.

The plaintiff was therefore entitled to take execution at once, although to do so he had to comply with the requirements of the law. The Pub. Sts. c. 164, § 8, in enacting that the plaintiff shall not take out execution upon a judgment rendered by default against an absent defendant, "within one year thereafter, unless he first gives bond," does not by implication provide that he may do so after the expiration of one year, when he has failed to file the bond required. These words are used to show that the section refers to an original execution, which, by c. 171, § 16, must issue within this time, and not to any alias or other successive execution which might lawfully be sued out after the return of that which preceded it.

As we are of opinion that the clerk of the Superior Court properly refused to issue the execution, the

*Petition is dismissed.*

*A. Webster*, for the petitioner.
*G. Wells*, for the respondent.