## EDWARD E. MORGAN *vs.* THOMAS H. CURLEY.

Middlesex.   March 2. — June 29, 1886.   W. ALLEN & HOLMES, JJ., absent.

If a person, who, upon applying to take the oath for the relief of poor debtors, has entered into a recognizance under the Pub. Sts. c. 162, § 28, commits a breach of the same by departing before the conclusion of his examination, his arrest, two days subsequently, and at a place remote from that of the examination, is illegal.

After the breach of a recognizance, entered into under the Pub. Sts. c. 162, § 28, has been committed by the debtor, in departing before the conclusion of his examination, the magistrate has no power to annex to the execution a certificate authorizing the arrest of the debtor.

In an action for an assault and battery, committed in arresting the plaintiff illegally, he is entitled to recover compensation for the loss of his time, and for the indignity suffered by him.

TORT for an assault and battery.   At the trial in the Superior Court, before *Knowlton*, J., the jury returned a verdict for the plaintiff; and the defendant alleged exceptions.   The facts appear in the opinion.

*J. D. Thomson*, for the defendant.

*S. W. Trowbridge*, for the plaintiff.

GARDNER, J.   The plaintiff was under recognizance to "appear at the time fixed for his examination, and from time to time until the same is concluded, and not depart without leave of the magistrate, making no default at any time fixed for his examination, and abide the final order of the magistrate thereon." Pub. Sts. c. 162, § 28.   Before the examination was concluded, and before the magistrate had formally decided that the plaintiff was not entitled to take the oath for the relief of poor debtors, and before he had made his certificate to that effect and annexed it to the execution, the plaintiff made default.   His departure before the examination was concluded, and before the magistrate had made his certificate, was premature, and was a breach of his recognizance.   *Peck* v. *Emery*, 1 Allen, 463.   *Lothrop* v. *Bailey*, 14 Allen, 514.   *Fuller* v. *Meehan*, 118 Mass. 135.

After the plaintiff had departed, and the condition of the recognizance was broken, the magistrate made the certificate, which was annexed to the execution.   By virtue thereof, the

officer arrested the plaintiff after a lapse of two days, at a place remote from that of the examination.

Upon entering into the recognizance, the plaintiff was relieved from arrest under the execution. The arrest could not be renewed while the proceedings in relation to the examination were still pending, nor until they were brought to a close. *Jacot* v. *Wyatt*, 10 Gray, 236. *Lothrop* v. *Bailey, ubi supra.* The place of the debtor's examination was the place where he was to attend and abide the final order of the magistrate, and where the officer was to be in attendance to arrest the debtor if the oath was refused. The debtor, by the terms of his recognizance, was to deliver himself up at the time and place of his examination, and not elsewhere. *Lothrop* v. *Bailey, ubi supra.* The question arises whether the magistrate had power to act in any respect during the absence of the debtor, and after he had made default upon his recognizance. By the common law, a commitment of a debtor on execution is a discharge of the judgment. The statutes of the Commonwealth have materially changed the common law in this respect. *Cheney* v. *Whitely*, 9 Cush. 289. By these statutes the creditor preserves all his rights and remedies on the judgment, except those of arresting and imprisoning the debtor. But, as Mr. Justice Metcalf said, in *Coburn* v. *Palmer*, 10 Cush. 273, the common law remains in force in all the cases in which the statutes have not altered it. That case was an action of debt on a judgment, upon which execution had issued. The defendant was arrested, and gave bond for the prison limits, under the Rev. Sts. c. 97, §§ 63, 65, made default, and the bond was forfeited. Upon a suit on the bond, the surety successfully defended upon the ground of infancy. The court say: " The fact, that the surety in the bond was not answerable thereon, does not give the plaintiff any further remedy against the defendant, than if the plaintiff had voluntarily released him from prison, on his giving insufficient security to pay the judgment. . . . . The judgment is discharged, and the plaintiff's only remedy against the defendant was on the bond." In *Whitton* v. *Bicknell*, 3 Allen, 472, the plaintiff argued that the recognizance was a satisfaction of the execution and judgment. The opinion of the court went no further than to say that the recognizance was a bar to any further proceedings

to enforce the collection of the execution; and that the remedy of the execution creditor was upon the recognizance only, citing *Coburn* v. *Palmer*, *ubi supra*, and *Kennedy* v. *Duncklee*, 1 Gray, 65.

When the debtor enters into a recognizance in compliance with the statutes, the recognizance takes the place of the execution and the arrest, and remains as security to the creditor. The power of the execution is suspended, until the debtor submits himself to examination, and the magistrate refuses the oath, and annexes to the execution his certificate to that effect. Then, if the officer is present at the place of the examination, and the debtor is there, abiding the final order of the magistrate, the officer is empowered to take him. The recognizance is then of no effect, and the execution resumes its former power. In this way, and in no other, does the execution displace the recognizance. The officer cannot act until he is warranted so to do by the certificate of the magistrate annexed to the execution. After breach of the recognizance, the magistrate has no power to act further in the premises. The execution is *functus officio.* The recognizance stands in its place as the security to the creditor, and his only remedy is by suit thereon.

The instructions to the jury were substantially in accordance with the views we have expressed as to the law. The examination before the magistrate was not concluded when he attempted to make his certificate and annex it to the execution, in the absence of the debtor, and after breach of the recognizance. There was no escape by the debtor, and the officer was not authorized to arrest him at a place other than that of the examination, nor at any place after breach of the recognizance.

As the defendant had no authority to arrest the plaintiff, the latter is entitled to recover compensation for the loss of his time, and for the indignity he has suffered. *Smith* v. *Holcomb*, 99 Mass. 552. *Exceptions overruled.*