HENRY KELLOGG, JR. *vs.* PORTER A. UNDERWOOD
& another.

Suffolk.   January 23, 1895. — March 1, 1895.

Present: FIELD, C. J., HOLMES, KNOWLTON, MORTON, & BARKER, JJ.

*Poor Debtor's Recognizance — Action.*

In an action upon a poor debtor's recognizance against A. as principal and B. as surety, it appeared that, subsequently to the arrest of A. on the original execution, the plaintiff caused the arrest of C., another of the judgment debtors named in the original judgment, on an alias execution, and C. was committed to jail, from which he was discharged under the statute by order of the plaintiff after C. had claimed support as a pauper. *Held*, that the action would lie.

CONTRACT, upon a poor debtor's recognizance, entered into by Porter A. Underwood as principal and John F. Simmons as surety. The case was submitted to the Superior Court, and, after judgment for the plaintiff, to this court, on appeal, upon agreed facts, which recited that the plaintiff was entitled to recover judgment against the defendants for the penal sum of the recognizance sued on unless the following facts entitled the defendants to a finding in their favor, in which case judgment was to be entered for the defendants.

Subsequently to the arrest of the defendant Underwood on the original execution, where the defendant Simmons went surety, as declared on by the plaintiff, the plaintiff on November 24, 1893, caused the arrest of Thomas Smythe, another of the judgment debtors named in the original judgment, on an alias execution, and Smythe was duly committed to jail on said last named day, having declared before a judge of the Municipal Court of the City of Boston, that he did not desire to take any oath, or to recognize in any manner.

On August 3, 1894, the plaintiff, as appeared by indorsement on the execution, declined to pay any support for Smythe after said August 3, and the further indorsement of the jailer appeared thereon bearing date of the following day : " The within named debtor, Thomas Smythe, having claimed support as a pauper, the within named judgment creditor therefore ordered his discharge

from imprisonment, under section 46 of chapter 162 of the Public Statutes; and I have discharged said Smythe from imprisonment."

G. W. Buck, for the defendants.

C. F. Eldredge, for the plaintiff.

KNOWLTON, J.  By the common law, the arrest of a debtor on an execution and his voluntary release by the creditor are a satisfaction of the judgment, so that no alias execution can be taken out or other proceedings had under it.  Coburn v. Palmer, 10 Cush. 273.  Nowell v. Waitt, 121 Mass. 554.  Kennedy v. Duncklee, 1 Gray, 65.

If we assume in favor of the defendants that this is the law to-day in Massachusetts, the principle is not applicable to the present case.  Pub. Sts. c. 162, §§ 45, 46, provide for the support of a debtor who is confined in prison on mesne process or execution in a civil action, and who claims support as a pauper.  In such a case the creditor may furnish money or security to the jailer for his support, or may order him to be discharged, or, if the creditor fails to provide for his support within twenty-four hours after a demand by the jailer, the jailer shall discharge him.  By § 47 of the same chapter it is provided that, when a debtor is so discharged by order of the creditor or by the jailer, " the debt and costs, with all sums paid by the creditor for the debtor's support in prison, shall remain a legal claim against his goods and estate, and may be enforced accordingly in the same manner as if he had not been committed on execution ; but his body shall never thereafter be liable to arrest or imprisonment for the same debt, costs, or charges."  There are similar provisions for a case where the debtor takes the oath for the relief of poor debtors, and for some other cases under the statute.  The effect of these provisions is to leave the judgment in full force, except that no execution can be issued under it for the arrest of the body of a defendant who has been so discharged.  Execution may be issued against his property, or against the person or property of a co-defendant, and proceedings may be had under it against the property of any defendant, and against the body of any defendant except him who has been discharged from arrest, with the same force and effect as if no arrest had ever been made.  Cheney v. Whitely, ·9 Cush. 289.  Raymond v. Butterworth, 139 Mass. 471.

It follows that the recognizance sued on in the present case was not discharged or affected by the subsequent arrest of a joint defendant and his discharge from imprisonment under the statute by order of the creditor after he had claimed support as a pauper.                                             *Judgment affirmed.*