WILLIAM H. BESSOM *vs.* GEORGE T. McLAUGHLIN.

Suffolk.     March 11, 1896. — May 26, 1896.

Present: FIELD, C. J., ALLEN, HOLMES, KNOWLTON, & MORTON, JJ.

*Poor Debtor — Recognizance.*

A debtor arrested on mesne process recognized with surety before a magistrate within thirty days to deliver himself up for examination by some authorized court. The recognizance contained a recital that he desired to take the oath for the relief of poor debtors, and that he did not intend to leave the Commonwealth, but that he did not then desire a time fixed for his examination. Within the thirty days the debtor applied to a municipal court to take the oath that he did not intend to leave the State, which, after due notice to the creditor, who was present at the time and place appointed for the examination, was refused, and a certificate to that effect was attached to the writ. The debtor, having waited after the examination until the certificate was attached to the writ, and until the court had stated that its duty in the matter was ended, during which time the officer had an opportunity to again take him into custody, then departed. *Held*, in an action against the surety on the recognizance, that the debtor's neglect to give notice within thirty days of his desire to take the poor debtor's oath was no breach of the recognizance.

CONTRACT, against a surety upon a poor debtor's recognizance. The case was submitted to the Superior Court, and, after judgment for the defendant, to this court on appeal, upon agreed facts, the nature of which appears in the opinion.

*W. F. Kimball*, for the plaintiff.

*J. W. Corcoran*, for the defendant.

MORTON, J. This is an action upon a recognizance entered into by the defendant before a master in chancery, under Pub. Sts. c. 162, § 28, as amended by St. 1888, c. 419, § 6, as surety for one Hillman, who had been arrested on mesne process in a suit brought against him by the plaintiff. The recognizance

recites, amongst other things, that the defendant, " being inter-
rogated by me, [the master in chancery,] says that he desires to
take the oath for the relief of poor debtors, (and the oath that
he does not intend to leave this Commonwealth, as alleged in
the affidavit annexed to said writ,) but does not now desire any
time fixed for his examination, and requests that his recogni-
zance, with surety, may be accepted; that within thirty days from
the day of his arrest he will deliver himself up for examination
before some court authorized to act," etc.

The condition of the recognizance is that said Hillman,
" some time within thirty days from the day of his arrest, as
above mentioned, will deliver himself up for examination before
some court authorized to act, as provided by chapter 419, Acts
of 1888, giving notice of the time and place thereof in the man-
ner provided by law, and appear at the same time and place
fixed for his examination, and from time to time until the same
is concluded, and not depart without leave of said court, making
no default at any time fixed for his examination, and abide the
final order of said court thereon."

Shortly after the arrest and recognizance, Hillman applied to
the Municipal Court of Boston to take the oath that he did not
intend to leave the State. Due notice was given to the plaintiff,
who was present at the time and place appointed for the exam-
ination. The oath was refused, and a certificate to that effect
was attached to the writ. Hillman waited in court until after
his examination had been concluded and the certificate had
been attached to the writ, and the sheriff had had ample and
reasonable opportunity to take him into custody, and then de-
parted, after a statement by the court that its duty in the matter
was ended.

The plaintiff contends that Hillman's neglect to give notice
within thirty days of his desire to take the poor debtor's oath is
a breach of recognizance.

We do not think so. When Hillman was arrested, there were
several courses open to him. He could give bail for his appear-
ance at court, or go to jail and give notice of his desire to take
the poor debtor's oath or the oath that he did not intend to
leave the State, or both, or he could recognize with surety that
he would deliver himself up for examination within thirty days.

He chose the latter course. It was open to him under it to give notice of his desire to take either or both oaths. He gave notice of his desire to take the oath that he did not intend to leave the State. The recital in the recognizance did not bind him to attempt to take both oaths. What the recognizance bound him to do was to submit himself to examination, and that he did. If he had given notice of his desire to take both oaths, and had taken either, the surety would have been discharged. Pub. Sts. c. 162, § 30. Pending the recognizance and examination, the authority of the officer to hold him in arrest was suspended. *Morgan* v. *Curley,* 142 Mass. 107. Upon the refusal of the court to administer the oath, the officer was empowered to take him into custody again, but did not, though the debtor waited for him to do so; and there was ample and reasonable opportunity for the officer to take him, and the debtor then departed, as he had a right to do. There was therefore no breach of the recognizance. We think that the entry must be, judgment affirmed, and it is *So ordered.*