JAMES D. THOMSON *vs.* ORSINO G. SLEEPER.

Suffolk.　March 3, 4, 1897. — May 20, 1897.

Present: FIELD, C. J., ALLEN, HOLMES, LATHROP, & BARKER, JJ.

*Alias Execution — Mandamus to require Execution to issue.*

When one of two judgment debtors, having been arrested on execution, enters into a recognizance, and then makes default, an alias execution, reciting the joint judgment, may, upon the return of the original execution, issue against the person and property of the other judgment debtor.

When it appears of record that one of two judgment debtors has been arrested on execution, and, having entered into a recognizance, has made default, mandamus will lie to the clerk of the court issuing the execution upon his refusal to issue an alias execution against the person and property of the other judgment debtor.

PETITION, filed December 17, 1896, for a writ of mandamus to issue to the respondent, as clerk of the Municipal Court of the city of Boston, requiring him to issue an alias execution on a judgment rendered by that court.

The petition alleged that on October 2, 1895, the petitioner recovered judgment in the Municipal Court of the city of Boston against Alfred A. Marcus and Simeon Marcus, copartners; that, upon an execution duly issued thereon, Simeon Marcus was arrested and entered into a recognizance in accordance with the statutes for the relief of poor debtors, and that subsequently said Simeon made default on his recognizance, all of which matters and things by the record thereof now remaining in said court will more fully and at large appear; and that, after the return of the original execution and the default of Simeon Marcus on his recognizance, the petitioner applied for another execution wherewith to arrest the said Alfred or levy on his estate, but that the respondent refused to issue it.

The prayer of the petition was for a command to issue to the respondent requiring him to issue another execution.

The respondent, in his answer, conceding that the facts alleged in the petition appeared of record in the Municipal Court, alleged his belief that such facts were a bar to the issuing of another execution, and submitted himself to the judgment of the court.

Hearing before *Holmes*, J., who entered a decree directing the respondent to issue another execution, subject however to a stay on said execution as to Simeon Marcus, so far as cause may be shown for such stay. To this decree the respondent excepted, and, at his request, the judge reported the case for the consideration of the full court. If the decree was correct it was to stand, and the order was to issue; otherwise, such order was to be made as this court should direct.

*P. A. Bridgham*, for the respondent.

*J. D. Thomson, pro se.*

FIELD, C. J. If the judgment had been rendered against Simeon Marcus as sole defendant, then, upon his being arrested and giving a recognizance in accordance with the statutes for the relief of poor debtors, several things might have happened which the judgment creditor could not prevent, and to which his consent was not necessary. The debtor might have been examined and the oath for the relief of poor debtors administered to him. Upon taking this oath the debtor would become forever exempt from arrest on the same execution, or on any process founded on the judgment or on the same cause of action, unless convicted of having sworn falsely on his examination, but the creditor could take out a new execution against his goods and estate, as if he had not been committed. Pub. Sts. c. 162. *Cheney* v. *Whitely*, 9 Cush. 289. If on examination the oath is refused, a certificate to that effect must be annexed to the execution, and then the debtor may be rearrested on the same execution if the officer is present at the place of examination when the oath is refused. Pub. Sts. c. 162, § 44. *Ruberg, petitioner,* 166 Mass. 33.

If the debtor, after having entered into a recognizance, makes default, then the only remedy of the creditor is upon the recognizance, and the creditor cannot further enforce the collection of the execution. *Coburn* v. *Palmer*, 10 Cush. 273. *Whitton* v. *Bicknell*, 3 Allen, 472. *Morgan* v. *Curley*, 142 Mass. 107. But the judgment is not satisfied by arresting a defendant and discharging him from arrest on his entering into a poor debtor recognizance. *Tracy* v. *Preble*, 117 Mass. 4. In the present case, Simeon Marcus, having been arrested and having entered into a recognizance, made default, and, although the judgment

is not discharged, neither his person nor his property could be taken on an execution issued on the judgment. The question then is, whether execution should issue against Alfred A. Marcus and Simeon Marcus jointly, or only against Alfred A. Marcus. The arrest of one of two joint judgment debtors does not suspend the right of the judgment creditor to take on execution the person of the other defendant or his property.

In *Kellogg* v. *Underwood*, 163 Mass. 214, where one of four judgment debtors was arrested on execution and entered into a poor debtor's recognizance, and subsequently another of the judgment debtors was arrested on an alias execution and committed to jail and claimed support as a pauper, and, the judgment creditor declining to pay for such support, the prisoner was discharged under Pub. Sts. c. 162, §§ 45 and 46, whereby under § 47 the debt and costs remained a legal claim against his goods and estate, but his body was no longer liable to arrest or imprisonment, the court say : " The effect of these provisions is to leave the judgment in full force, except that no execution can be issued under it for the arrest of the body of a defendant who has been so discharged. Execution may be issued against his property, or against the person or property of a co-defendant, and proceedings may be had under it against the property of any defendant, and against the body of any defendant except him who has been discharged from arrest, with the same force and effect as if no arrest had ever been made." *Cheney* v. *Whitely*, 9 Cush. 289. *Raymond* v. *Butterworth*, 139 Mass. 471. See Freem. Ex. (2d ed.) § 462; *Nadin* v. *Battie*, 5 East, 147; *Blofield's case*, 2 Cro. Eliz. 478; *Whiteacres* v. *Hamkinson*, Cro. Car. 75; *Foster* v. *Jackson*, Hob. 52.

In the present case the judgment creditor is entitled to an alias execution against the person and property of Alfred A. Marcus. Shall the execution be issued against Alfred A. Marcus alone, or against him and Simeon Marcus jointly, with a stay of execution against Simeon Marcus indorsed on it? We think that the better practice is to issue an execution against Alfred A. Marcus only. By the proceedings against Simeon, the judgment for the purpose of enforcing it by execution has been severed. The judgment creditor has his remedy against Simeon by suit on the recognizance, and his remedy against Alfred A. by taking

either his person or property on execution. It is generally true that the execution must follow the judgment, and that if the judgment be joint so must be the execution. See *Clarke* v. *Clement*, 6 T. R. 525 ; *Linn* v. *Hamilton*, 5 Vroom, 305. But where, by proceedings subsequent to the judgment, the right of the judgment creditor to enforce an execution against the person or property of one of two or more defendants has been lost, we think that it is within the power of the court so to find, and to issue execution only against those liable to execution. Pub. Sts. c. 171, §§ 20, 21. *Raynes* v. *Jones*, 9 M. & W. 104. *Saunders* v. *Gallagher*, 2 Humph. 445.

This is a petition for a writ of mandamus against the clerk of the Municipal Court of the city of Boston, and it prays that said clerk be commanded to issue another execution " wherewith to arrest the said Alfred or levy on his estate." The petition recites the proceedings against Simeon, his arrest, his entering into a recognizance, and his subsequent default, and it is averred that " all of which matters and things, by the record thereof now remaining in said court, will more fully and at large appear." A transcript of the record is not before us. The return of an officer who has served an execution by an arrest of the person does not necessarily show that the debtor whom he has arrested has made default under his recognizance ; that is a fact which might not be of record in the court from which the execution issued. It is generally true that the duty of the clerk to issue an execution on a judgment is a ministerial duty which he may be compelled to perform by mandamus, and for the non-performance or illegal performance of which he is liable to an action. *Pease* v. *Morris*, 138 Mass. 72. *Fisher* v. *Deans*, 107 Mass. 118. *Sullivan* v. *Jones*, 2 Gray, 570. *Blanchard* v. *Waters*, 10 Met. 185. *Briggs* v. *Wardwell*, 10 Mass. 356.

But when the right of the judgment creditor to execution has been modified by something which has occurred after judgment, and when facts must be found which are not of record in order to determine how far this right has been modified, it is the province of the court to find these facts, enter them upon the record, and determine their effect upon the rights of the judgment creditor. In the present case, the clerk, if he had issued an execution in common form against both defendants jointly, could not, with-

out a general or special order of the court, indorse on it a stay of execution as against Simeon Marcus, nor could he, unless the facts which justified it appeared of record, without a general or special order issue an execution against Alfred A. Marcus only.

If the facts recited in the present petition did not appear on record, the petitioner before bringing his petition should have applied to a justice of the Municipal Court for the proper findings, and a direction to the clerk to issue a separate execution against the person and property of Alfred A. Marcus, in which however the recovery of a joint judgment properly should be recited. If, the justice having made his findings and entered them upon the record, the clerk refused to issue an execution such as should be issued, mandamus would then lie. But as in the present case it is conceded that the facts alleged in the petition appear of record in the Municipal Court, a writ of mandamus may issue, commanding the clerk to issue an alias execution against the person and property of Alfred A. Marcus only. The execution should recite that the judgment was recovered against both Alfred A. Marcus and Simeon Marcus.

*Ordered accordingly.*