ALBERT WATTS *vs.* JAMES STEVENSON & others.
SAME *vs.* SAME & another.

Suffolk.   March 5, 1897. — June 16, 1897.

Present: FIELD, C. J., ALLEN, HOLMES, LATHROP, & BARKER, JJ.

*Bond to dissolve Attachment — Poor Debtor's Recognizance — Evidence — Arrest — Action — Defence — Waiver.*

Oral evidence is incompetent to contradict the records of a court.

It is no defence to an action upon a poor debtor's recognizance that the creditor made no attempt to find property of the debtor upon which the execution on which he was arrested could be levied before so arresting him.

The arrest of a debtor upon an execution, within thirty days from the date of the judgment on which the execution issued, is not a waiver of the right to sue, after the arrest, on a bond given to dissolve the attachment made in the action in which the judgment was obtained, but the creditor may maintain at the same time actions upon the bond, and upon a recognizance given by the debtor to relieve himself from the arrest.

TWO ACTIONS OF CONTRACT, the first being upon a bond given to dissolve an attachment, and the second upon a poor debtor's recognizance. The cases were tried together in the Superior Court, before *Blodgett*, J., who directed the jury to return a verdict for the plaintiff in each case; and the defendants alleged exceptions. The facts appear in the opinion.

*P. J. Casey*, for the defendants, submitted the case on a brief.
*F. T. Benner*, for the plaintiff.

FIELD, C. J.   The first action is against the principal and the sureties on a bond given to dissolve an attachment of property, and the second is against the principal and the surety on a poor debtor's recognizance.   The principal and one of the sureties are the same in both the bond and the recognizance.   The plaintiff originally brought an action against James Stevenson, the principal, and attached his property, and he gave a bond with sureties in the usual form to dissolve the attachment.   The plaintiff, having recovered judgment against him, took out execution, and proceedings were had whereby the arrest of said Stevenson was authorized; he was arrested on the execution, and taken before a master in chancery, and entered into a recognizance with a surety in the usual form, and then, on May 20, 1896, made default on his recognizance.

The writ in the first action is dated June 4, 1896.   The execution was issued on May 5, 1896; Watts, the plaintiff, made the affidavit required by Pub. Sts. c. 162, § 17, on May 8, 1896, before the Municipal Court for the city of Boston for Civil Business, and obtained a notice or citation from said court, returnable on May 13, 1896, which was duly served, and afterwards, Stevenson making default, a certificate authorizing his arrest was issued by said court and annexed to the execution, and he was arrested.   The notice or citation and the certificate bore the test of William E. Parmenter, Esq., and the seal of the Municipal Court for the city of Boston, and were each signed, "H. R. W. Browne, Assistant Clerk."   The plaintiff called the assistant clerk as a witness, who read the docket entries of said court whereon the issuing of the notice, the default, and the issuing of the certificate of arrest appeared; on cross-examination the defendants offered to prove by him that no justice of that court was present when the plaintiff made the affidavit, but that it was taken before the assistant clerk alone, and that the assistant clerk, without the direction of a justice, issued the notice or citation; but such evidence was excluded.   The purpose of the defendants apparently was to show that the affidavit was taken before an unauthorized person, and then to contend that the proceedings authorizing the arrest were void, the arrest illegal, and the recognizance invalid.   But it is manifest that the defendants could not by oral testimony contradict the rec-

ords of the Municipal Court. If the records were not true, application should have been made to that court to amend them, but while the records stand they must be taken to be true.

We are not able to understand the contention of the defendants with reference to the other evidence which was excluded by the court.* It is said in the brief of the plaintiff: " The questions which the defendants offered to put to the plaintiff were all intended, apparently, to bring out evidence to the effect that the execution had not been in the hands of an officer, and that no search for chattels or lands of Stevenson had been made by the officer preliminary to the poor debtor proceedings and arrest." If this were true, it would be no defence to the action on the recognizance. *Webber* v. *Davis*, 5 Allen, 393, 397.

The remaining contentions of the defendants are, that the arrest of Stevenson was a waiver of the right to sue on the bond given to dissolve the attachment, and that the plaintiff could not maintain both actions, but must elect which he would prosecute. If on a judgment against a defendant he is arrested on the execution, and gives a poor debtor's recognizance and then makes default, the execution has performed its office, and a new execution cannot be issued against either the person or the goods and estate of the judgment debtor. It has been said that the recognizance takes the place of the execution. *Thomson* v. *Sleeper*, 168 Mass. 373. But it never has been held that in such a case the judgment has been in fact so far satisfied that any security given for the payment of it cannot be enforced.

*Moore* v. *Loring*, and *Moore* v. *Bruce*, 106 Mass. 455, are, we

---

* The bill of exceptions contained the following statements. The plaintiff testified that he had not been paid the judgment in the original action against Stevenson, and that Stevenson had not given him, and he had not received from any source, any notice of Stevenson submitting himself to examination to take the poor debtor's oath. On cross-examination, the defendants in both suits offered to prove whether or not the plaintiff had in his own possession the execution at the time he made the affidavit, and whether at the time of making the affidavit he was accompanied by his attorney. The plaintiff objected, the judge excluded the evidence, and the defendants excepted. The plaintiff was asked, on cross-examination, if at the time he made the affidavit he knew where the execution was, and also how soon after he made the affidavit he saw the execution. The plaintiff objected, the judge excluded the evidence, and the defendants excepted.

think, decisive of the present cases, the only difference being that in those cases the arrest was made after the expiration of thirty days from the date of the judgment and pending an action on the bond to dissolve the attachment, while in the present cases the arrest was within thirty days, and before the action on the bond was brought; but this difference, we think, is immaterial. In those cases the court say: " The bond and the recognizance are cumulative securities for the same debt. The creditor may enforce both of them by suit, to the extent and for the purpose, however, of obtaining the amount of his original judgment with interest and costs, the payment of which will be in full for his claim in both actions." Whether an action on the bond after the expiration of thirty days from the judgment could have been brought if the defendant at that time had been actually under arrest, we need not consider. He had been discharged from arrest on entering into the recognizance.

" The right to proceed against other parties who stand in the relation of sureties for the same debt is not defeated except by the actual payment of the judgment, and the creditor may proceed against different parties at the same time until that result is reached." *Tracy* v. *Preble*, 117 Mass. 4.

*Exceptions overruled.*