ELLIOT T. SMITH & others *vs.* THOMAS E. CONDON.

Worcester.     October 3, 1899. — November 29, 1899.

Present: HOLMES, C. J., KNOWLTON, LATHROP, BARKER, & LORING, JJ.

*Action — Balance due on Judgment — Value of Property — Evidence.*

In an action to recover a balance due on a judgment, the defendant cannot show the value of the property taken upon the writ in the original action on which the judgment was founded and afterwards levied on by the attaching officer.

CONTRACT, to recover a balance alleged to be due upon a judgment recovered in the Central District Court of Worcester. Writ dated September 24, 1897. At the trial in the Superior Court before *Hopkins*, J., it appeared that the judgment had been rendered for the plaintiffs on January 30, 1889, and that

execution was duly issued, and that a deputy sheriff levied it upon the personal property of the defendant, including stock of goods, fixtures, horse, wagon, harnesses, and safe, which property had been held under attachment by him, upon the writ in the original action, and the execution was never returned into court. It appeared also that the property was taken from the premises of the defendant by the deputy upon the writ in the original action in the team of the plaintiffs; and the defendant testified that he afterwards saw the entire property on the plaintiffs' premises.      The defendant's counsel, to show the value of the property taken by the deputy upon the writ and afterwards levied upon, asked the following question of the defendant: " Now what was the value of your stock of goods, fixtures, horse and wagon, harnesses and safe." The judge excluded the question and the defendant excepted.      The defendant offered no further evidence but requested the judge to rule that there was not sufficient evidence upon which the plaintiffs could recover, and to order a verdict for the defendant. The judge refused to rule as requested; and it was agreed that upon the evidence, subject to the defendant's exception, a verdict might be rendered for the plaintiffs for a sum named.      The defendant alleged exceptions.

*C. C. Milton,* for the defendant.

*J. E. Sullivan & D. F. O'Connell,* for the plaintiffs.

LATHROP, J.      The only case in this Commonwealth which the defendant cites in support of his contention is *Ladd* v. *Blunt,* 4 Mass. 402, which contains the following *obiter* remark: " When goods sufficient to satisfy the judgment are seized on a *fieri facias,* the debtor is discharged, even if the sheriff waste the goods, or misapply the money arising from the sale, or does not return his execution. For by a lawful seizure the debtor has lost his property in the goods."

In *Rice* v. *Tower,* 1 Gray, 426, 429, it was said by Mr. Justice Metcalf: " There are *obiter dicta* in the books, that by seizure on a *fi. fa.* the debtor's property in the goods is lost; that the sheriff acquires a special property, but that the general property of the debtor is devested and is in abeyance. See . . . 4 Mass. 403. . . . But the law never was so. The general property in goods seized on execution remains in the debtor until they are sold." For this last position a number of cases are cited which

fully support it. See also *Samuel* v. *Duke,* 3 M. & W. 622;
*Attorney General* v. *Leonard,* 38 Ch. D. 622; *Grant* v. *Lyman,*
4 Met. 470, 476, per Shaw, C. J. The question is discussed in a
learned note by Mr. Metcalf to the case of *Ayer* v. *Aden,* Yel.
44, (Am. ed.) note 2.

We are aware that in some other jurisdictions, the levy of an
execution on personal property of sufficient value to satisfy the
same operates *prima facie* as a satisfaction of the judgment so as
to bar further executions or levies, or a *scire facias,* or an action
on a judgment. But this is not the rule in this Commonwealth.
By the Pub. Sts. c. 171, § 17, it is provided: " If a judgment
remains unsatisfied after the expiration of the time for taking
out execution thereon, the creditor may have a *scire facias* to
obtain a new execution, or he may at any time after the judg-
ment have an action of contract thereon." This section was
first enacted by the St. of 1795, c. 61, and has been in force
since. Rev. Sts. c. 97, § 8. Gen. Sts. c. 133, § 17.

In *O'Neal* v. *Kittredge,* 3 Allen, 470, which came before the
court, on a demurrer to a declaration, for the balance due on a
judgment, it was held that the demurrer need not set forth the
balance due on the judgment or the amount sought to be re-
covered, and it was said that if any payment had been made,
which reduced the amount due on the judgment, this was matter
in defence which the defendant was bound to aver and prove.

In *Linton* v. *Hurley,* 114 Mass. 76, which was an action on a
judgment, it appeared that an execution had been taken out but
had not been returned, and it was held that the action could be
maintained, without regard to the question whether an execution
had been taken out or returned, unless the defendant proved
payment or satisfaction, citing the statute above quoted.

*Wilson* v. *Hatfield,* 121 Mass. 551, resembles very much the
case at bar. The plaintiff sued on a judgment, which was
proved. It appeared that execution had been issued on the
judgment, but not returned into court; but there was no evi-
dence introduced by the plaintiff to show what had been done by
virtue of the execution, or of any proceedings thereon, nor was
any evidence introduced to show its loss, or to give any account
thereof. The justice of the Superior Court thereupon ruled
that the plaintiff could not recover. This ruling was held to be

erroneous, on the ground that the defendant did not show payment or satisfaction.

In accordance with these decisions and what has been before said, we are of opinion that the value of the goods at the time they were taken by the officer is immaterial.

*Exceptions overruled.*