### CHARLES P. PLYMPTON'S CASE.

Suffolk. November 25, 1907. — December 3, 1907.

Present: KNOWLTON, C. J., HAMMOND, LORING, BRALEY, & RUGG, JJ.

*Arrest. Execution. Poor Debtor. Habeas Corpus.*

A judgment creditor, who has taken out execution in an action begun by an attachment of real estate of the debtor, is not obliged to avail himself of the attachment by levying on the real estate, but has the alternative remedy of proceeding by arrest of the debtor.

If a judgment creditor, who has taken out execution in an action begun by an attachment of real estate of the debtor, has the execution served by an arrest of the debtor, *it may be* that a levy on the real estate by authority of the judgment creditor while the debtor is under a recognizance for his appearance to take the oath for the relief of poor debtors would be void.

If a judgment creditor, who has taken out execution in an action begun by an attachment of real estate of the debtor, has the execution served by the arrest of the debtor, and, while the debtor is under a recognizance for his appearance to take the oath for the relief of poor debtors, an officer, without the direction or authority of the judgment creditor, proceeds to levy upon the real estate and to give notice of the levy under the statute, the levy is voidable by the judgment creditor and does not affect his rights under the arrest previously made.

After an arrest has been made upon an execution and a recognizance of the judgment debtor has been taken, the execution as against the debtor's body is *functus officio* and the recognizance stands in its place as the security of the creditor, so that no alias execution authorizing an arrest can be issued. If satisfaction is not obtained on the first execution an alias execution subsequently issued can run only against the goods and estate of the debtor.

Where the return of the officer upon an execution sets forth an arrest of the judgment debtor, with nothing to show what proceedings followed, and also sets forth a later levy upon real estate which was abandoned, *it may be doubted* whether upon this return an alias execution of any kind can be issued legally, and *it is certain* that an alias execution cannot run against the body of the defendant.

An arrest and a commitment upon an execution, which was issued contrary to law and has upon it no certificate under R. L. c. 168, § 17, and no certificate under § 20 of the same chapter, are unauthorized and void, and the person so arrested and committed will be released from imprisonment and restraint upon a petition for a writ of *habeas corpus* according to the provisions of R. L. c. 191.

PETITION filed in the Supreme Judicial Court on October 19, 1907, for the issuing of a writ of *habeas corpus* according to the provisions of R. L. c. 191, to obtain the release of the petitioner from imprisonment and restraint in the jail at Dedham alleged to be unlawful.

The case came on to be heard before *Sheldon*, J., who reserved it upon the petition and an agreed statement of facts and certain additional facts found by him for determination by the full court, such order to be entered as law and justice might require.

The case was submitted on briefs.

*H. Dunham*, for the petitioner.

*G. G. Darling*, for the respondents.

KNOWLTON, C. J. At the hearing upon the writ of *habeas corpus* which was issued in this case, it appeared that the prisoner was confined in jail under an execution issued upon a judgment in an action at law.

The original execution was duly issued with the usual direction to the officer, in the alternative, to cause payment of the amount named to be made from the goods, chattels or lands of the debtor, and for want thereof, to take his body. An application was made to the District Court of Northern Norfolk for a certificate authorizing the arrest of the debtor, and notice was duly given him to appear for examination on the charge that he had property not exempt from attachment, which he did not intend to apply to the payment of the plaintiff's claim. See

R. L. c. 168, § 18. On his appearance, after hearing, the court made an order that he assign property to the judgment creditor, with which order he failed to comply, whereupon a certificate of these facts, with the affidavit in behalf of the judgment creditor required by R. L. c. 168, § 17, and a certificate of the judge that he believed the charges contained in the affidavit to be true, were annexed to the execution. The petitioner then was arrested and taken before a court, where he entered into a recognizance to appear and take the oath for the relief of poor debtors. See R. L. c. 168, § 30. The officer made the usual return that he arrested the debtor and had him before the justice of the District Court. All these proceedings appear to have been regular.

The petitioner protested that they could not go on because his real estate was attached on mesne process in the action in which the execution was issued. But the plaintiff was not obliged to avail himself of this attachment. He had alternative remedies, between which he could make an election. *Hoar* v. *Tilden*, 178 Mass. 157, 160, 161. Two days afterwards, the officer, without the direction or authority of the judgment creditor, proceeded to levy upon the real estate and to give notice of the levy under the statute. On the following day, by the direction of the creditor's attorney, the levy was abandoned.

There is much ground for contending that this levy would have been void from the beginning if authorized by the judgment creditor, inasmuch as the execution had been served previously by an arrest of the debtor, and he was then under a recognizance which, for the time, stood in the place of the execution for the benefit of the creditor. *Hoar* v. *Tilden*, 178 Mass. 161. *Kellogg* v. *Underwood*, 163 Mass. 214. *Thomson* v. *Sleeper*, 168 Mass. 373. However that may be, a levy made under these circumstances, without the authority of the judgment creditor, was voidable by him, and could not affect his rights under an arrest which had been made previously. If the officer, instead of then returning the execution to court and procuring an alias execution as he did, had held it to await the result of the proceedings under the recognizance, the judge would have put upon it a certificate refusing the oath, and the arrest could have been resumed under it and the petitioner legally committed to jail.

That this would have been the regular course of procedure is shown by the decisions in *Ruberg, petitioner,* 166 Mass. 33, and *Morgan* v. *Curley,* 142 Mass. 107, 109. By the express terms of the statute, the certificate authorizing an original arrest after an examination of the creditor may be annexed to the original, or an alias or other successive execution. R. L. c. 168, § 20. But after an arrest upon an execution has once been made and a recognizance taken, no alias execution authorizing an arrest can be issued. " The execution is *functus officio.* The recognizance stands in its place as the security to the creditor, and his only remedy is by suit thereon." *Morgan* v. *Curley,* 142 Mass. 107, 109. An alias execution subsequently issued, if satisfaction is not obtained on the first, can legally run against goods and estate only. *Thompson* v. *Sleeper,* 168 Mass. 373, and cases cited. *Kellogg* v. *Underwood,* 163 Mass. 214. In this case the return upon the first execution set forth an arrest of the debtor, with nothing to show what proceedings followed, and also a later levy upon real estate, which was abandoned. It is at least a grave question whether, upon this return, an alias execution of any kind could be issued legally. But it is quite certain that upon this return without more, an alias execution could not run against the body of the defendant. The subsequent arrest and commitment upon an execution improperly issued, which had upon it no certificate under the R. L. c. 168, § 17, and no certificate under § 20 of the same chapter, were unauthorized and illegal.

*Writ of habeas corpus to issue.*