CRAWFORD-PLUMMER COMPANY *vs.* JEREMIAH C. McCARTHY.

Suffolk.   March 6, 1917. — June 4, 1917.

Present: RUGG, C. J., BRALEY, DE COURCY, PIERCE, & CARROLL, JJ.

*Poor Debtor.   Judgment.*

Under R. L. c. 168, § 44, the facts that a judgment debtor, after having been arrested in poor debtor proceedings upon an execution to which was attached a certificate authorizing the arrest issued after he had been defaulted upon a citation under § 18 of that statute, entered into a recognizance under § 30 and was discharged from arrest and then committed a breach of the recognizance, and that the judgment creditor thereupon brought an action upon the recognizance and recovered judgment against the surety, which is unsatisfied, do not deprive the judgment creditor of his right to maintain an action against the debtor upon the original judgment.

CONTRACT upon a judgment for $72.33.   Writ in the Municipal Court of the City of Boston dated May 10, 1915.

The action was tried in the Municipal Court upon an agreed statement of facts from which it appeared that, upon the judgment which is the foundation of this action, the defendant under R. L. c. 168, § 18, was cited into the poor debtor session of the court and there was defaulted and a certificate authorizing his arrest upon the execution was issued; that he then was arrested and entered into a recognizance under R. L. c. 168, § 30; that he committed a breach of the recognizance in that he did not deliver himself up for examination within thirty days; that the plaintiff then brought an action upon the recognizance and recovered a judgment against the surety which had not been satisfied.

The judge of the Municipal Court ruled that the plaintiff was not entitled to recover, found for the defendant and reported the case to the Appellate Division, who dismissed the report.   The plaintiff appealed.

*J. W. Keith,* for the plaintiff.

*W. M. McInnes,* for the defendant.

CARROLL, J.   The plaintiff recovered judgment against the defendant.   He was arrested on execution and entered into a recognizance to the plaintiff with surety, under R. L. c. 168,

§ 30.    He committed a default by failing to deliver himself up for examination within thirty days from his arrest.

The plaintiff sued the surety on the recognizance and recovered judgment against him, which has not been satisfied. This action is on the original judgment. The question for decision is, Did the recognizance so far satisfy and discharge the original judgment that the plaintiff's only remedy is upon the recognizance?

While the judgment remains in full force and may be satisfied by a levy on the debtor's property, after his discharge, if he takes the oath for the relief of poor debtors, *Cheney* v. *Whitely,* 9 Cush. 289, the commitment of the debtor on execution is at common law a discharge of the judgment.    *Coburn* v. *Palmer,* 10 Cush. 273. In this case it was said that the only two exceptions to the common law rule are when the debtor escapes from prison without the sheriff's consent, and where the creditor consents to his release by reason of the debtor's fraud.    The old common law rule has been changed by statute.

If the debtor is arrested or committed on execution, "the judgment shall remain in full force against his property and the creditor may take out a new execution against his property as if he had not been committed."    R. L. c. 168, § 44.

When a judgment debtor enters into a poor debtor recognizance under the statute the recognizance takes the place of the execution and the execution is suspended while the examination of the debtor is pending.    If the oath is refused and he is committed by order of the magistrate, the debtor has fulfilled the condition of the recognizance and he may be arrested on the same execution if the officer is present at the place of examination where the oath is refused.

If the debtor takes the oath for the relief of poor debtors, he is discharged from arrest and is forever exempt from arrest on the same execution, or any process founded on the judgment, or on the same cause of action, unless convicted of having willingly sworn falsely on his examination.    But the creditor may take out a new execution on his property, as if he had not been committed. R. L. c. 168, § 44.    *Morgan* v. *Curley,* 142 Mass. 107.    *Thomson* v. *Sleeper,* 168 Mass. 373.

The recognizance under the statute may suspend, but it does,

not entirely destroy the creditor's rights under the execution and it is not a satisfaction and discharge of the judgment. If there is a breach of the recognizance by default of the debtor, then the creditor cannot further enforce the execution, as the recognizance stands in its place and his remedy is on the recognizance. *Coburn* v. *Palmer, supra. Thomson* v. *Sleeper, supra,* and cases cited. See *Whitton* v. *Bicknell,* 3 Allen, 472; *Kennedy* v. *Duncklee,* 1 Gray, 65.

But the defendant's default does not discharge the judgment. "By these statutes the creditor preserves all his rights and remedies on the judgment, except those of arresting and imprisoning the debtor." *Morgan* v. *Curley, supra,* page 108. *Nowell* v. *Waitt,* 121 Mass. 554, was a writ of entry. The tenant was committed on execution and was discharged by consent of the creditor. On the day following his discharge by virtue of the same execution an officer seized the land in controversy, it was appraised, duly set off by metes and bounds to the demandant, and seisin and possession delivered to him. It was there held that, having been taken and committed on execution and discharged by consent of the creditor, "it would seem that the judgment must be deemed satisfied, and it is clear that the same execution could not afterwards be lawfully levied upon his estate." When this decision was rendered, the General Statutes were in force. Gen. Sts. c. 124, § 22, contain substantially the same provision as R. L. c. 168, § 44. In that case the creditor consented to the discharge of the debtor. The defendant was committed by force of the execution, and his voluntary discharge at the creditor's request deprived him of the right to afterwards levy the same execution on the debtor's estate. That case does not decide that the judgment is satisfied when a recognizance is entered into by force of the statute and there is a subsequent breach by the debtor. The statute permits the debtor to recognize, and his subsequent default is not with the consent of the creditor, but in violation of the undertaking, and in such a case the judgment is not satisfied. Where the debtor claims support as a pauper, R. L. c. 168, §§ 49, 50, and is discharged by order of the creditor, or by the jailer, the judgment remains in full force, except that no execution can be issued under it for the arrest of the body of the debtor. *Kellogg* v. *Underwood,* 163 Mass. 214. See *Chase* v. *Chase,* 105 Mass. 385.

See also *Smith* v. *Condon*, 174 Mass. 550; *Hale* v. *Angel*, 20 Johns. 342; R. L. c. 177, § 19.

In *Thomson* v. *Sleeper, supra*, a judgment was recovered against Alfred A. Marcus and Simeon Marcus, copartners. Simeon was arrested on execution, entered into a recognizance and defaulted. It was held that the judgment creditor was entitled to an alias execution against the person and property of the other defendant, the court saying, page 374, "If the debtor, after having entered into a recognizance, makes default, then the only remedy of the creditor is upon the recognizance, and the creditor cannot further enforce the collection of the execution. . . . But the judgment is not satisfied by arresting a defendant and discharging him from arrest on his entering into a poor debtor recognizance." See *Tracy* v. *Preble*, 117 Mass. 4. In *Watts* v. *Stevenson*, 169 Mass. 61, 63, Field, C. J., speaking for the court, after stating that if on the arrest of a debtor on execution, he gives a recognizance and makes default, the execution has performed its office, says: "But it never has been held that in such a case the judgment has been in fact so far satisfied that any security given for the payment of it cannot be enforced." See *Raymond* v. *Butterworth*, 139 Mass. 471, 472, where it is stated: "Whatever may be the common law doctrine as to the effect of the commitment of a debtor on execution it has long been the settled law of this Commonwealth that a judgment is not discharged by such commitment and a subsequent release from arrest, but remains in full force against the party committed." *Moore* v. *Loring*, 106 Mass. 455, was a case where the sureties on a bond to dissolve an attachment of the property of one Bruce were sued, and an action was also brought against Bruce and his surety on a poor debtor's recognizance because of the principal's default. "The bond and the recognizance are cumulative securities for the same debt. The creditor may enforce both of them by suit, to the extent and for the purpose, however, of obtaining the amount of his original judgment with interest and costs, the payment of which will be in full for his claim in both actions." In *Brown* v. *Kendall*, 8 Allen, 209, a void recognizance was given. It was held that the plaintiff could recover on the original judgment, although it was there stated that "If a recognizance had been taken according to law, the plaintiff's only remedy would have been by an action upon it." This statement was not neces-

sary for the decision and no reference was made to the provision of the statute providing that the judgment shall remain in full force against the debtor's estate. Gen. Sts. c. 124, § 22.

There may be other expressions in the books indicating that the recognizance takes the place of the judgment, but these statements are to be taken in connection with the matter then under discussion and they do not support the proposition that under our law the taking of a poor debtor's recognizance, or its breach, is a discharge and satisfaction of the judgment.

The result is that the default of the debtor and his breach of the recognizance did not deprive the plaintiff of its right to sue on the original judgment.

*Order dismissing the report reversed.*
*Judgment is to be entered for the plaintiff.*