## WILLIAM KALBRITAN *vs.* SIMON PADOVER.

Suffolk.    March 7, 1928. — May 29, 1928.

Present: RUGG, C.J., BRALEY, PIERCE, WAIT, & SANDERSON, JJ.

*Poor Debtor*, Recognizance, Notice of application, Waiver. *Waiver.*
*Attorney at Law. Agency,* Existence of relation.

The mere facts, that an attorney at law acted for the plaintiff during the
trial of an action of tort and at the hearing of a motion for a new trial
filed by the defendant, if it appears that he was not attorney of record
in that action and there is no evidence that the plaintiff's counsel of
record were authorized to retain him as associate counsel, do not as a
matter of law require a finding, at the hearing by a judge without a jury
of an action upon a recognizance given by the judgment debtor upon
his arrest upon an execution issuing in the original action, that such
attorney was attorney for the judgment creditor with authority under
G. L. c. 224, § 24, to receive notice on his behalf of a hearing upon the
debtor's application to take the poor debtor's oath, nor that he had
authority to waive such notice.

CONTRACT upon a poor debtor recognizance.    Writ in the
Municipal Court of the City of Boston dated February 13,
1923.

On removal to the Superior Court, the action was heard
by *Bishop*, J., without a jury.    Material evidence is stated
in the opinion.    The judge found for the plaintiff in the sum
of $706.07.    The defendant alleged exceptions.

The case was submitted on briefs.

*C. Gerstein*, for the defendant.

*R. G. Wilson, Jr.*, for the plaintiff.

BRALEY, J.    The plaintiff, having recovered judgment in
an action of tort in the Superior Court for damages and costs
against William Deitelberg, caused the judgment debtor to
be arrested on the execution June 29, 1922.    The debtor
thereupon entered into a recognizance with the defendant
as surety, the condition of which required the debtor to
appear for examination within thirty days from the date of
the arrest.    G. L. c. 224, § 20.    The recognizance suspended
the execution until the debtor submitted himself for examina-

tion before the magistrate, and the magistrate refused the oath and annexed to the execution a certificate stating his decision. If there is a breach of the recognizance, the execution is no longer in force. The recognizance is the creditor's security, and his only remedy is an action for breach of it. *Morgan* v. *Curley,* 142 Mass. 107, 109.

The debtor on July 19, 1922, made application to the Municipal Court for the City of Boston to take the oath for the relief of poor debtors, and notice was issued to the plaintiff returnable at 9:30 A.M. August 30, 1922. It was handed by the debtor's counsel to Charles T. Cottrell, an attorney at law, with the statement that "a poor debtor citation . . . had issued," and he asked Mr. Cottrell, "Will you be there?" to which Mr. Cottrell replied, "Sure," and no further steps were taken by the debtor to serve the citation. The General Laws, c. 224, § 24, provide that the "notice shall be served by an officer qualified to serve civil process, by giving to, or leaving at the last and usual place of abode of, the plaintiff or creditor, or his agent or attorney, an attested copy thereof. . . . If there is more than one plaintiff or creditor, or more than one agent or attorney, service on one shall be sufficient. If the plaintiff or creditor is dead or not a resident of the county where the arrest is made, and no such agent or attorney is found therein, the notice may be served on the officer who made the arrest. The person who made the writ may be deemed the attorney of the plaintiff or creditor, if an arrest is made on the writ or on an execution issued thereon." The service of the notice however as prescribed by the statute may be waived, and the waiver can be shown by parol evidence. If the plaintiff or his agent or attorney had appeared at the time and place appointed and had made no objection as to the service, there would have been a waiver. *Goldenberg* v. *Blake,* 145 Mass. 354, 356. And if Mr. Cottrell was the attorney of the creditor at the time of the interview between him and counsel for the debtor, he could have waived service of the notice. *Lord* v. *Skinner,* 9 Allen, 376. "The judgment creditor is always at liberty to waive formalities that are intended for his security, if he should see fit to do so." *Pacific Mutual Ins. Co.* v. *Canterbury,* 104 Mass.

433,435. But the record states as a fact that Mr. Cottrell was at no time attorney of record in the original action, and had no express authority to waive service of the notice, and, although Mr. Cottrell acted for the plaintiff during the trial and at the hearing on the motion for a new trial filed by the defendant Deitelberg, his participation therein gave him no implied authority to waive service of the notice under the proceedings which were independent of the merits. In the absence of evidence that the plaintiff's counsel of record were authorized to retain Mr. Cottrell as associate counsel, his actual appearance in, and conduct of the case at the trial with their knowledge and assent, did not, as the defendant contends, constitute him the plaintiff's attorney or agent.

There was evidence which warranted the judge in finding that there had been a breach of the recognizance, and the defendant's requests for rulings in so far as not given were denied rightly. The final ruling that as "matter of law . . . the fact that Cottrell took part in the trial of the case even at the request of the plaintiff . . . did not give Cottrell implied authority to waive service of the notice . . ." also shows no reversible error.

*Exceptions overruled.* .