**DORR ET AL., vs. KERSHAW ET AL.**

APPEAL FROM THE COMMERCIAL COURT OF NEW ORLEANS.

EASTERN DIS.
*April,* 1841.

DORR ET AL.
*vs.*
KERSHAW ET AL.

| 18L | 57 |
| 48 | 704 |

An attachment is dissolved on bonding the property attached. The plaintiff then looks to the bond and not to the property to satisfy his demand. If he fails the bond is discharged.

So, a third party claiming the property attached and bonded cannot intervene in the suit between the plaintiff and defendant. He must look to the person in possession of the property.

This is an action against the drawee and acceptor of a bill of exchange, in which 69 bales of cotton are attached. The defendant bonded the property. M. Flourney intervened and claimed the cotton attached. The court refused to hear evidence on or entertain the intervention, because the defendant had bonded the cotton. There was judgment for the plaintiffs, and dismissing the petition of intervention. The intervenor appealed.

*Peyton & Smith,* for the plaintiffs :

1. The defendant has not appealed. The judgment against him has become final and cannot now be examined. The appellant has no right to an appeal in this cause. The cotton which he claimed was, when he filed his intervention, wholly beyond the control of the court. If the defendant had improperly bonded the intervenor's property, this might be the basis of a distinct and separate action against the defendant for damages. But all claim on the cotton made in this action ceased with the taking of the bond. The plaintiffs could afterwards have no remedy but on the bond. *See acts of* 1839, *page* 162. The intervenor has sustained no damage by the judgment from which he appeals. Had he been allowed to prove the property belonged to him, what judgment could the court have rendered in this suit on such evidence ?

2. The appearance of the defendant by his agent and bonding the cotton, released the attachment on it ; Code of Practice, 259. The bond became a substitute for the cotton ; *The State vs. the Judge of the Commercial Court,* 14 La. Rep.,

8 VOL. XVIII.

EASTERN DIS. 592.  The claim of ownership of the cotton filed after the
*April*, 1841. bonding by the intervenor had none of the requisites of an in-
DORR ET AL. tervention.  He neither joined with the plaintiff nor with the
*vs.*
KERSHAW ET AL. defendant nor did he oppose both ; *Code of Practice*, 389, *and
amendment of* 1826.  The defendant by his own act had de-
prived the plaintiff of his claim on the cotton and had substi-
tuted a claim on the bond.  The answer of general denial to
the petition in intervention could not change the issues between
the plaintiff and defendant, or authorize the court to do a vain
thing.

*M⸰ Caleb*, for defendant.

*Chinn*, for the intervenor and appellant, insisted that the in-
tervention was improperly dismissed.  The bond taken for the
cotton was a judicial bond within the control of the court and
represented the property attached.

*Morphy, J.* delivered the opinion of the court.

M. Flournoy is appellant from a judgment dismissing his in-
tervention in this suit, wherein 69 bales of cotton which he
claims as his property, had been attached and bonded by de-
fendant under article 259 of the Code of Practice.  It does not
appear to us that the judge below erred.  The attachment
having been dissolved by the giving of a bond conditioned as
the law requires, the cotton was no longer under the control
of the court, and the intervenor's claim should have been di-
rected against the person in possession of his property ; the
condition of the bond entered into by defendant was not to hold
the cotton subject to the order of the court, but to satisfy such
judgment as might be rendered against him in the suit pend-
ing.  This personal obligation could not be discharged by the
surrender of the property attached ; nor could plaintiffs, upon
obtaining judgment, exercise any recourse upon it.  The bond
is a substitute for the property ; but only with regard to the at-
taching creditor, and for the sole purpose of satisfying any

*An attachment
is dissolved on
bonding the pro-
perty attached.
The plaintiff
then looks to the
bond and not to
the property to
satisfy his de-
mand. If he fails
the bond is dis-
charged.
So, a third
party claiming
the property at-
tached and bond-
ed cannot inter-
vene in the suit
between the
plaintiff and de-
fendant. He
must look to the
person in pos-
session of the
property.*

judgment he might obtain; as to third parties who set up a claim as owners to the property attached after it has been bonded, they must look to the property itself, not to the bond with which they have nothing to do. There is no privity of contract between the intervenor and the obligors in the attachment bond. The only judgment which could be rendered on this intervention, would be for the restoration of the cotton. Such a judgment would be nugatory because the court would be without the means of enforcing it. As to the bond, no one can avail himself of it except the plaintiff in the suit; if he fails to obtain a judgment, the bond is discharged.

The judgment of the Commercial Court is therefore affirmed with costs.