Beal *v.* Alexander.

---

### WILLIAM M. BEAL *v.* C. P. ALEXANDER.

Property attached is not represented by the bond given for its release; nor can the question of ownership be examined after it has been bonded.

A rule against the sureties in a bond for the release of property attached, to make them responsible where the judgment has not been satisfied, is, under the act of 20th March, 1839, to be tried summarily and without a jury, unless the defendant alleges under oath that the signature is not genuine, or that the judgment has been satisfied.

NUGENT, Turpin, and Watt, are appellants from a judgment rendered against them by the Commercial Court of New Orleans, *Watts*, J., as sureties of the defendant in an attachment bond. Their signature to the bond was not denied, nor was their any allegation that the judgment against the defendant had been satisfied.

*Hoffman,* for the plaintiff.

*T. Slidell,* for the appellants.

MARTIN, J.  A number of bales of cotton having been attached in this case in the hands of Nugent, Turpin, and Watt, who were summoned as garnishees, they bonded them, and judgment was afterwards obtained against the defendant.  The plaintiff, on exhibiting a writ of *fieri facias* issued on the judgment, with a return of *nulla bona,* and also the bond taken by the sheriff on releasing the cotton, in which the garnishees were sureties for the defendant, obtained a rule on them to show cause why judgment should not be entered against them as sureties on the bond.  The sureties, in showing cause, referred to the answer which they had made in this case as garnishees, and averred that they were not liable to the plaintiff unless the defendant was owner of the cotton attached, which they denied.  But if the court thought otherwise, they answered that the net proceeds thereof was only $4992 66, and that they are entitled to a deduction of $1000, and interest on the plaintiff's note in their favor.  They prayed for a jury.

In their answer as garnishees they denied that they had in their possession any property of the defendant, unless he was the owner of two hunered and eight bales of cotton claimed by Chisholm and Minter, of Mississippi.

The court making a deduction of the amount of the plaintiff's note to the sureties, gave judgment against them on the bond for $3967 66, and they appealed.  Their counsel has drawn our attention to a bill of exceptions taken to the opinion of the court, rejecting evidence which they offered to show that the cotton attached was not the property of the defendant, but that of Chisholm and Minter; and to another bill to the opinion of the court refusing to allow a trial by jury.  Chisholm and Minter intervened in the original suit, and judgment was given against them simultaneously with that against the defendant.  From both these judgments appeals are now before us.  The present appellants were endeavoring to bring the question of property in the cotton before the court, in the same manner as they might have done if the cotton had not been bonded, contrary to the opinion which we have expressed that the property attached is not represented by the bond given for its release.  18 La., 57.

The court therefore did not err in rejecting the evidence.

JANUARY, 1842. 279

First Municipality of New Orleans *v.* The Commissioners of the Sinking Fund, &c.

Under the act of 1839 the present is a summary case, and the trial by jury was properly refused.

*Judgment affirmed.*