Morphy, J.
This suit was brought against the defendant, a resident of Mississippi, as the endorser of a note drawn to his order by the Bank of Grenada, located in that State, at Grenada, and made payable at the counting-house of the plaintiff, in the city of New Orleans. A number of bales of cotton were attached in the hands of Nugent, Turpin & Watt, as garnishees, which were afterwards bonded by the latter. The defendant, through the counsel appointed to represent him, pleaded the general issue, and averred, that he had been induced to endorse the note sued on under the idea conveyed and held out to him by Beal at the time, that he was merely endorsing the same as a director of the Bank of Grenada, and that, without such representation, and the suggestion on the part of Beal that he was not binding himself personally, he would not have endorsed the said note. He further pleaded as a bar to this action, the pendency of another suit in Mississippi, between the plaintiff and himself, on the same note, and prayed for the dismissal of this suit on the ground that the property attached herein, and whereby alone jurisdiction could be vested in the court below, was not his property, but that of the commercial firm of Chisholm & Minter, of Mississippi. The latter intervened, claiming the dissolution of the attachment, and alleging, that at the time of levying the same, and previous thereto, they were the lawful owners of the cotton seized, and are entitled to said cotton, or its proceeds in the hands of Nugent, *350 Turpin & Watt; and that if they be not entitled to the cotton as absolute owners, they have a lien or privilege thereon, for loans and advances to the said C. P. Alexander, made in good faith in the State of Mississippi, and before the cotton was shipped, to the amount of f 10,000, &c. A peremptory exception was taken by the plaintiff to the petition of intervention, on the ground, that long prior to the filing thereof, the property attached had been bonded by the garnishees, and released from seizure under the condition of satisfying such judgment as might be rendered in the suit. This exception having been sustained, and judgment given below in favor of the plaintiff, both the defendant and the intervenors have appealed.
The right of Chisholm & Minter to claim the cotton, or its proceeds, by intervention in this suit, after it had been bonded, was, in our opinion, correctly disallowed. Property attached is represented by the bond given for its release, only with regard to the attaching creditor, and for the sole purpose of satisfying any judgment he may obtain in the suit; but as to third persons, who set up a claim to it as owners after it has been bonded, they must look to the propel^ itself, which is no longer under the control of the court. 1 Robinson, 277. 18 La. 57.
As relates to the suit between the original parties, an attempt has been made to show by testimony, that at the suggestion of the plaintiff, the note was endorsed by Alexander and by one Sims, who were directors of the Bank of Grenada, without responsibility, and merely to give it a negotiable form, and a more business like appearance. But this hypothesis, so improbable and absurd in itself, is entirely inconsistent with the evidence in the case. It is shown, that the Bank passed a resolution to transfer to the defendant and Sims a sufficient number of notes to indemnify them in the sum of $9000, for which, the resolution says, they had become liable as endorsers of two notes for the Bank, one of which is the very note sued on ; and in addition to this, it is shown, that on receiving the notice of protest, the defendant wrote to the plaintiff, urging him not to bring suit against him, fully admitting his liability, and proposing to him terms of settlement.

Judgment affirmed.