BULLITT<br>v.<br>STEWART.

| 16 | 25 |
|---|---|
| 48 | 704 |

MRS. REBECCA WHITE et al. *v.* G. S. HAWKINS et al.—H. M. WRIGHT,
Warrantor.

The bond given by an intervenor claiming property attached in a suit between other parties, is a sub-
stitute for the property attached with regard to the plaintiff in the attachment, but not as to third
persons claiming title to the property attached.

Where property had been attached and bonded by an intervenor claiming title to it, and after judgment
against the defendant in attachment, a suit being instituted against the intervenor by a third party
claiming the property, the defendant cited in warranty the plaintiff in attachment—*Held :* That the
liability of the intervenor in the attachment suit on his bond having become fixed by the judgment,
plaintiffs could not be held liable in warranty.

APPEAL from the Fourth District Court of New Orleans, *Price,* J.
*Kennedy & Miles* for plaintiffs. *Mott & Fraser,* for defendants and
appellants. *Clark & Bayne,* for warrantor.

BUCHANAN, J. Wright, Williams & Co. brought suit by attachment
against an absent debtor, J. J. B. White, husband of one of the plaintiffs
in the present action.

Certain bales of cotton, consigned to Oakey & Hawkins, were attached
in that suit as the property of defendant.

Oakey & Hawkins filed an intervention, claiming the possession of the
cotton attached, under their bill of lading. Simultaneously with the
filing of this intervention, they took a rule upon the plaintiffs in attach-
ment, Wright, Williams & Co., to be allowed to bond the cotton. This
rule was made absolute after hearing argument, and the cotton was ac-

4

cordingly delivered to the intervenors on their furnishing bond, with security, in the sum of ten thousand dollars, to produce the property to meet the judgment of the court, or to account for its proceeds, whenever required.

After the cotton had thus been bonded, the present plaintiffs filed an intervention in the attachment suit, claiming the cotton attached to be their property. The final judgment in the attachment suit (14 An. 583) was in favor of plaintiffs against defendants, *with privilege on the property attached;* and dismissed the interventions.

Mrs. White and Mrs. Faust, the second intervenors in the suit of *Wright, Williams & Co.* v. *White,* now bring the present action against Hawkins & Cockburn, composing the firm of Oakey, Hawkins & Co., the first intervenors in said suit, as detainers of their property, to wit, the cotton attached therein.

Defendants answer, by acknowledging that the cotton which had been bonded by them in the suit of Wright, Williams & Co. v. White had been received and disposed of by them, and that the proceeds thereof were now in their hands; but they contend that they cannot be obliged to pay over said proceeds more than once; and that, as Wright, Williams & Co. are now prosecuting them upon their bond, given to release the cotton from attachment, as aforesaid, they (Wright, Williams & Co.) are bound in law to defend and warrant respondents from the claim of the plaintiffs. Wherefore they pray that Wright Williams & Co. be cited to defend this action of plaintiffs; that all further proceedings be stayed against respondents until it be determined to whom the proceeds of the cotton belong; when the respondents will be decreed to pay over said proceeds to the successful party litigant.

Wright, Williams & Co. except to the petition in warranty, that it sets forth no legal cause of action against them. This exception having been sustained by the District Court, defendants appeal.

We find no error in the ruling of the District Court.

In deciding the appeal taken in the original attachment suit, we said (14 An. 584): " The peremptory exception filed by Wright, Williams & Co. to the intervention of Mrs. White and Mrs. Faust, should have been sustained. The bond given by Oakey, Hawkins & Co. was only a substitute for the property attached, with regard to the plaintiffs, and *not as to the intervenors,* or third parties claiming title thereto. The intervenors can not avail themselves of the bond, and their remedy was against the property itself in the hands of the party having possession of it." *Dow* v. *Kershaw,* 18 La. 57; *Beal* v. *Alexander,* 1 Rob. 277 and 7 Rob. 349. The present call in warranty is inconsistent with the doctrine thus enounced by us. It is an attempt to revive the intervention of Mrs. White and Mrs. Faust, for the protection of Oakey, Hawkins & Co. against their bond in favor of Wright, Williams & Co., although it has been already adjudged, contradictorily with all these parties, that Mrs. White and Mrs. Faust were strangers to that bond.

It is clear, from the authorities cited above, as well as from our decision in the previous litigation between these parties, that the liability of Oakey, Hawkins & Co. to Wright, Williams & Co. has been fixed by the judgment rendered in the attachment suit.

Judgment affirmed, with costs.