STEPHEN JENNINGS *vs.* GEORGE H. LAW.

Suffolk.    April 3, 1908. — May 21, 1908.

Present: KNOWLTON, C. J., MORTON, HAMMOND, LORING, & SHELDON, JJ.

*Bills and Notes,* Consideration, Validity.

At the trial of an action by the indorsee of a negotiable promissory note against the maker, it appeared that the defendant had signed the note for the accommodation of the payee, from whom by indorsement the plaintiff had received it

to settle another note likewise indorsed and held by the plaintiff, that, at the time when the defendant signed the note in suit for the payee, the latter was under an indictment which charged him with having uttered the former note, knowing it to have been forged. The payee testified that, upon his indorsing and delivering the note in suit to the plaintiff, the latter gave to him the alleged forged note and he destroyed it, but evidence introduced on behalf of the plaintiff was to the effect that he gave to the payee of the note in suit merely an order on the district attorney for the first note after he should have finished using it in evidence. There was no evidence that the first note actually was forged, nor as to what was the result of the trial of the payee on the indictment, but it did appear that he testified at such trial that he did not know that the first note was forged. The defendant contended that the consideration for the note in suit was illegal, being an agreement to compound a felony. *Held*, that the defense was not made out, since there was no evidence of an agreement to compound a felony.

CONTRACT upon a promissory note of which the defendant was alleged to be the maker, one O. O. Owen the payee, and the plaintiff an indorsee. Writ in the Superior Court for the county of Suffolk dated August 13, 1904.

There was a trial before *Aiken*, C. J. The facts are stated in the opinion. At the close of the evidence, the plaintiff requested rulings (1) that upon all the evidence no legal defense had been shown upon the issue of no consideration or payment; and (2) that upon all the evidence the verdict should be for the plaintiff. The requests were refused, there was a verdict for the defendant, and the plaintiff alleged exceptions.

The case was submitted on briefs.

*W. C. Cogswell*, for the plaintiff.

*F. G. Holcombe*, for the defendant.

SHELDON, J. Although it is not expressly stated in the bill of exceptions that it contains all the evidence offered at the trial, yet as both parties in their briefs have assumed this to be the case, we have dealt with the case upon that basis. *Johnson* v. *Kimball*, 172 Mass. 398. *Ready* v. *Pinkham*, 181 Mass. 351.

The substance of the evidence was that the plaintiff had taken from one Owen and held another note upon which Owen was indorser and as such owed to the plaintiff the sum of $400; that Owen was then indicted for having uttered that note, knowing it to have been forged. Under these circumstances the defendant signed the note in suit and gave it to Owen, "to help him out" as he testified, expecting Owen to repay him any sum that he might be required to pay. Owen took this new note to the

plaintiff, indorsed it, and delivered it to the plaintiff in settle-
ment of the first note.  Owen testified that the plaintiff then
delivered the first note to him, and he destroyed it.  The plain-
tiff offered evidence that Owen merely took from him an order
on the district attorney for the first note after the district attor-
ney should have finished with using it in evidence.  There was
no evidence whether this first note actually had been forged or
not; but there was evidence that at the trial of the criminal case
Owen testified that he had no knowledge that it was forged,
that he had acted in good faith, and that he "had given the
plaintiff a good note [the note in suit] for the forged note."

There was no dispute that the defendant had signed this note
for the accommodation of Owen, and that Owen had indorsed it
to the plaintiff for value, to settle the first note.  Owen was
liable on the first note to the plaintiff as indorser thereon; and
this liability was the same whether the note was or was not
originally a forgery, and whether or not Owen had uttered it
knowing it to be a forgery.  ` Under these circumstances, the
plaintiff was *prima facie* entitled to recover upon the note in suit
against the defendant, its maker.  R. L. c. 73, §§ 41, *et seq.*

The defendant has not argued against any of the propositions
that have been stated, but rests his defense solely upon the con-
tention that the plaintiff had agreed, if Owen would get the
defendant to give the note sued on, to accept the same, and to
quash the criminal case pending against Owen, and that it was
for this purpose that the defendant made the note, and so that
the transaction was unlawful as an agreement for the com-
pounding of a felony.  He says in his brief: "The transaction
was one forbidden by law, and, the evidence coming to the court
from the plaintiff, the court had a right to receive it and instruct
the jury to find for the defendant if they believed it." *Cardoze*
v. *Swift*, 113 Mass. 250, and cases there cited.

But the difficulty with this contention is that we find no evi-
dence to support it.  There was no evidence of any agreement of
the plaintiff to quash the criminal case, or of any other unlawful
agreement by him.  He had a good claim against Owen on the
note, and had a perfect right to settle it.  Indeed, it appears
incidentally that Owen was afterwards tried on the criminal
charge, though it does not appear whether he was convicted or

acquitted.   If, as we infer from the argument of the defendant, this was the only ground upon which he rested his defense, we are of opinion that the plaintiff's exceptions must be sustained.

.*So ordered.*