OSCAR N. BINGHAM *vs.* JOHN O. MONROE & another.

Suffolk.    May 20, 1912. — June 27, 1912.

Present: RUGG, C. J., MORTON, BRALEY, SHELDON, & DeCOURCY, JJ.

*Seaman. Agency,* Existence of relation. *Contract,* Implied in law. *Practice, Civil,* Exceptions, Parties, New trial.

At the trial of an action by a seaman against the owner of a vessel for wages, it appeared that the plaintiff was hired by the master of the ship and the master testified that he orally hired the vessel from the owner. The terms of the

hiring of the vessel were not offered in evidence and the owner did not testify. The jury found for the plaintiff and the defendant alleged exceptions. The bill of exceptions contained no part of the charge to the jury. *Held,* that, since if the master had hired the vessel he could not have been found to have had authority as agent to bind the owner in engaging the plaintiff and presumably the jury were so instructed, their finding for the plaintiff must have meant that they found that there was no hiring of the vessel by the master.

A seaman who was hired by the master of an unchartered vessel may maintain an action for his wages against either the owner or the master; but he cannot maintain an action against both of them, because the liability of the owner is based upon an implied authority of the master to contract on his behalf, and the bringing of an action against the master is an election to treat him and not the owner as the principal.

If the master of an unchartered ship, in making an express contract of hire with a seaman for a voyage from Boston, represents that he is going to take the seaman on a voyage to Maine, and instead takes him without his consent on a voyage to the South, such deviation from the voyage agreed upon puts an end to the express contract and entitles the seaman to recover his wages from either the owner or the master on a *quantum meruit.*

If the master of an unchartered ship makes an express contract of hire with a seaman for a fishing trip to the coast of Maine and then without the consent of the seaman takes him on a voyage to the South for an illegal purpose of which the seaman did not know and in which he did not participate, the seaman can recover for his services either from the master or from the owner of the ship on a *quantum meruit.*

At the trial of an action by a seaman for his wages the plaintiff improperly joined as defendants both the master and the owner of the ship. There was evidence warranting a verdict against either of the defendants. The defendants did not ask the judge to rule that both of them could not be held liable. There was a verdict for the plaintiff against both defendants. In sustaining exceptions by the defendants, the plaintiff was given an opportunity with leave of the Superior Court to discontinue against one of the defendants, in which case the exceptions were to be overruled.

CONTRACT upon an account annexed for wages as a seaman, the master of the ship, John O. Monroe, and its owner, Charles J. Porter, being joined as defendants. Writ dated September 14, 1910.

In the Superior Court the case was tried before *Lawton,* J. Material facts which might have been found upon the evidence are stated in the opinion. At the close of the evidence the judge at the request of the plaintiff ruled as follows:

"1. If the defendant Monroe represented to the plaintiff that they were going on a certain voyage, and then the plaintiff was taken on a different voyage without his consent, he can recover.

"2. If the defendant Monroe took the plaintiff on an illegal

enterprise without the knowledge and consent of the plaintiff, he can recover.

"3. The owner of a vessel, as well as the captain is liable for wages of a seaman.

"4. In estimating the amount the plaintiff is entitled to recover, the jury can take into consideration the hardship and danger connected with the work he was required to do."

After the charge the defendants orally requested the judge to rule, under the first and second rulings asked for by the plaintiff, that the jury might take into consideration the opportunities the plaintiff had of leaving the vessel, and his failure to do so. The judge refused so to rule.

The jury found for the plaintiff in the sum of $81.75, against both defendants; and the defendants alleged exceptions.

The case was submitted on briefs.

*C. W. Cushing,* for the defendants.

*F. S. Harlow,* for the plaintiff.

DeCourcy, J. The plaintiff was a seaman (U. S. Rev. Sts. § 4612), and had a three-fold remedy for the recovery of his wages. In the admiralty he could proceed against the master, the owner, or the ship; and at common law against either the owner or the shipmaster. *Temple* v. *Turner,* 123 Mass. 125. *Calvin* v. *Huntley,* 178 Mass. 29.

It is true, as contended by the owner, Porter, that if the shipmaster Monroe had chartered the vessel he became the owner *pro hac vice* and had no authority as agent to bind the general owner for wages. *Thompson* v. *Hamilton,* 12 Pick. 425. *Baker* v. *Huckins,* 5 Gray, 596. *Rich* v. *Jordan,* 164 Mass. 127. As the jury presumably were so instructed, the fact that they found against the owner indicates that they did not credit the testimony of Monroe that he had chartered the vessel. Admittedly there was no charter-party, the terms of the alleged parol agreement were not offered in evidence, and the owner Porter was not a witness. *Lindenbaum* v. *New York, New Haven, & Hartford Railroad,* 197 Mass. 314.

The plaintiff, however, cannot maintain his action against both the owner and the master. The owner's liability is based upon the implied authority which the master has to contract on behalf of the owner. If the plaintiff sees fit to treat the master as the princi-

pal, the remedy is against him alone. The third request should have been qualified accordingly. *Priestly* v. *Fernie*, 3 H. & C. 977. *Fitzsimmons* v. *Baxter*, 3 Daly, (N. Y.) 81.

The first ruling requested by the plaintiff was properly given. According to his testimony he was hired to go to the coast of Maine on a lobster fishing trip. Instead the master headed the schooner south, touched at Newport News and Old Point Comfort, and after reaching Cape Hatteras returned to Boston. Such a deviation from the voyage put an end to the express contract for wages and entitled the plaintiff to recover on a *quantum meruit*. *Coffin* v. *Newburyport Marine Ins. Co.* 9 Mass. 436, 448. The plaintiff makes no contention with reference to wages under the statutes of the United States based on the absence of shipping articles, nor is any question raised as to the amount due if the plaintiff is entitled to a verdict.

The second ruling requested was correct. The master Monroe testified that his purpose was to go to Mexico for Chinamen whom he intended to bring into the United States illegally. But it appeared from the testimony of all the witnesses that the plaintiff did not know of the illegal character of the voyage until after his return to Boston and that he was innocent of any participation in the wrong. *Sheppard* v. *Taylor*, 5 Pet. 675. *The Mary Ann*, 16 Fed. Cas. 9194. *The City of Mexico*, 28 Fed. Rep. 207.

No error is suggested in the fourth request, and we discover none. Nor do the defendants show that they were aggrieved by the failure to instruct the jury in accordance with the requests made orally after the charge. It is not clear how the plaintiff's opportunities to leave the vessel bear upon the second request; and in view of the plaintiff's testimony that he was without money and that his clothing was in a ragged condition, if the defendants desired any particular instruction on the first request based upon the plaintiff's failure to leave the vessel, they should have so requested in writing before the closing arguments, in compliance with the rule of court. The judge's charge is not printed in the record, but as no exceptions were taken thereto, presumably suitable instructions were given to the jury upon every issue.

As already stated, the plaintiff's third request should have been modified and the jury instructed that recovery could be had against the owner or the master, but not against both. As there was evi-

dence, however, warranting a verdict against either of them, and the defendants did not ask the judge to rule that both could not be held liable, the plaintiff should not be compelled to re-try his case. Accordingly if, within twenty days, the plaintiff shall be granted leave by the Superior Court, and shall discontinue against one of the defendants the entry is to be made.    Exceptions overruled; otherwise the exceptions must be sustained.

*So ordered.*