STEPHEN JENNINGS *vs.* JOSEPH J. WALL & another.

Suffolk.    November 21, 1913. — March 23, 1914.

Present: RUGG, C. J., HAMMOND, LORING, BRALEY, & DE COURCY, JJ.

*Judgment. Estoppel. Bond,* To dissolve attachment. *Election. Surety. Letter.
Attachment. Supplementary Process. Interest. Bills and Notes. Pledge,*
Right to collateral by subrogation. *Practice, Civil,* New trial.

A decision that a surety on a bond given to dissolve an attachment, who sued as
the assignee of the principal on the bond, had the right to a sum of money in
the hands of a deputy sheriff by whom it was attached, because the bond given
by the plaintiff and his assignor was a valid one, is certainly no bar to an action
on the bond brought by the original plaintiff to whom the bond was given;
and, if the doctrine of *res judicata* were applicable at all, it would *seem* to operate
in favor of the plaintiff in his action on the bond.

The plaintiff in an action on a bond to dissolve an attachment is not estopped from
maintaining the action by the fact that in previous litigation he took the posi-
tion that the bond was invalid, if it does not appear that the defendant relied
upon the conduct of the plaintiff in this regard or was deceived by it to his
harm, but on the contrary it appears that the defendant continuously combated
that contention until he established the validity of the bond.

Where a plaintiff in an action at law has obtained a judgment against the defendant,
and a sum of money is still in the hands of an officer by whom it was attached
in the plaintiff's behalf, although the defendant has given the plaintiff a bond
to dissolve the attachment, if the plaintiff is doubtful about the validity of the
bond, he does not lose his remedy on the bond by first trying to hold the money
in the hands of the attaching officer.

A plaintiff in an action at law who has recovered judgment against the defendant
and holds a bond given to him by the defendant with a surety to dissolve an
attachment of money, in no way waives or loses his right to sue the surety on
the bond by bringing an action on the judgment against the principal debtor.

The failure to answer a letter which there is no duty or obligation to answer
cannot constitute an election of remedy or a waiver of rights.

Where a bond under seal was given to dissolve an attachment of money, and the
attaching officer thereafter wrongly retained the money, contending, at the
instigation of the attaching plaintiff, that the bond was invalid, but the original
defendant and his surety who gave the bond, in an action against the officer,
recovered the amount of the attached money from him on the ground that the
bond was valid and the attachment thereby dissolved, there is no ground on
which it can be contended that there was a failure of consideration for the bond;
and the surety on the bond cannot escape his liability to pay the amount of the
judgment to the extent of the penalty of the bond by setting up the mistake
of the original plaintiff as to the character and effect of the bond.

A precept for attachment on supplementary process is ancillary to the original
writ and does not affect its essential terms.

In an action on a bond to dissolve an attachment, where the condition of the bond was the payment to the attaching plaintiff of the amount of his final judgment within thirty days after it was entered, the failure to make such payment is a breach of the condition of the bond, which creates an immediate right of action against the surety on the bond without any demand, and interest is to be allowed from the date of the default. It is not necessary to show that an execution was issued and was returned by the officer unsatisfied in order to establish liability on such a bond.

An accommodation maker of a promissory note for the benefit of the payee, who indorsed and negotiated it, is, as between the parties to the transaction having notice of these facts, a surety, and thus is entitled upon paying the note to the benefit by subrogation of collateral security pledged by the principal debtor in the hands of the holder of the note; and the surety on a bond, given by such accommodation maker to dissolve an attachment in an action against him on the note, is in turn entitled upon payment of his obligation under the bond to be subrogated to the rights of subrogation of such accommodation maker; and for this reason the surety when sued on the bond is entitled to have deducted from the amount for which execution is to issue the value of the collateral security held by the plaintiff.

In an action on a bond to dissolve an attachment where, after a finding for the plaintiff by the trial judge, the case came before this court on numerous exceptions alleged by the defendant, only one of which, relating to a subordinate point, was sustained, it was ordered that the further hearing of the case should be confined to that point.

CONTRACT on two bonds given at different dates to dissolve the same attachment. Writ dated October 13, 1911.

In the Superior Court the case was submitted upon an agreed statement of facts to *Fox, J.,* who found for the plaintiff in the penal sum of the bond, namely, $900, with interest from January 7, 1909, making the amount $1,140. The defendants alleged exceptions, raising the numerous questions which are disposed of in the opinion.

*E. W. Philbrick,* for the defendants.

*G. P. Drury,* for the plaintiff.

RUGG, C. J. This is an action of contract on two separate bonds to dissolve the same attachment. The circumstances attending their execution and delivery are these: In 1905 an action was brought by the present plaintiff against one Law, the *ad damnum* in which was laid at $2,000. An attachment of real estate was made. By agreement of parties later $800 in cash was produced by Law and forthwith was attached on special precept, and the attachment of real estate was dissolved. Subsequently Law, in order to procure the release of this money from

attachment, assigned his interest therein to Wall, the present defendant, for the purpose of indemnifying Wall and one Dinsmore, his co-surety, who thereupon as sureties, with Law as principal, on March 24, 1906, executed and filed a bond to the plaintiff in the penal sum of $800 to dissolve this attachment. Demand then being made for the money, payment was refused for the alleged reason that the bond was void, not being in the penal sum of the $900 named in the special precept. The plaintiff does not now rely upon this bond and it is not necessary to discuss it further than to say that it is plain that under these circumstances he could not recover upon both the bonds. On May 11, 1906, a second bond was executed by the same parties and filed after its sureties had been approved. Again demand was made for the money and payment refused on the pretext that its penal sum was not $2,000, the *ad damnum* laid in the original writ. In the meantime that action went to judgment on December 7, 1908. On December 1, 1908, an action was begun by the present defendant as plaintiff against the attaching officer for refusing to deliver to him as assignee the $800 in cash averred to have been released from the attachment by the bond here in action. The present defendant (presumably in July, 1911) prevailed in that action on the ground that as matter of law the giving of the bond of May 11, 1906, dissolved the attachment. *Wall* v. *Kelly*, 209 Mass. 370. Thus the defendant has obtained the money to secure the release of which he signed the bonds now sued upon. He contends, however, that he ought not to be held liable. The result of sustaining this contention would be that the plaintiff would lose all benefit of his original and special attachments, and the defendant would succeed in holding the money which the plaintiff had under valid attachment without being under any liability therefor to the plaintiff. The grounds upon which the defendant founds this contention are several and relate to the conduct of the plaintiff after the bonds were given.

1. He argues that the issues here depending are *res judicata* by *Wall* v. *Kelly*, 209 Mass. 370. That doctrine is applicable only when the same issue has been the subject of judicial inquiry and decision between the same parties or their privies. *Old Dominion Copper Mining & Smelting Co.* v. *Bigelow*, 203 Mass. 159, 211, 215, 219. There may be doubt whether the defendant in that

action was privy with the present plaintiff. An officer often acts on his official responsibility. *Russell* v. *Walker*, 150 Mass. 531. But, assuming in favor of the defendant that the plaintiff was the real party defendant in that action, the defense of *res judicata* cannot prevail. The issue in that case was whether the attaching officer had money belonging to the present defendant. The affirmative of that issue could be sustained only by showing that a valid bond had been given which dissolved the attachment on the money and left it free. The determination of that action was adverse to the contentions then made by that defendant and in favor of the position then taken by the present defendant. When he prevailed there on the ground that the bond here in suit was valid, it cannot be said that the present plaintiff is precluded by *res judicata* from asserting the same contention in this action. If that doctrine were applicable at all, it would operate in favor of rather than against the present plaintiff.

2. The defendant further contends that the plaintiff is estopped from maintaining this action, because heretofore he has taken positions in litigation incompatible with that on which he now relies. These facts are true. Apparently with a good deal of persistency he has asserted that the bond now in action was invalid until it was decided otherwise by this court. But it does not appear that the defendant has relied upon the conduct of the plaintiff in this regard or been deceived by it to his harm. On the contrary, he has combated it from the outset and has succeeded on that point. Estoppel *in pais* generally arises when the words, silence, action or quiescence of one party have misled another to his harm, so that it would be inequitable to permit him to assert rights contrary to those assumed by the other party in reliance upon him. There is nothing of that sort in the case at bar. No policy of the law is contravened by allowing one to proceed in accordance with the law as finally declared touching a matter about which hitherto he has maintained an opposite view. In order that estoppel may have any relation to such a matter, the attitude of the opposing party must have been maintained. See *Dudley* v. *Coburn*, 9 Cush. 314; *Cassady* v. *Old Colony Street Railway*, 184 Mass. 156; *Crary* v. *Dye*, 208 U. S. 515, 521.

3. It is urged that the plaintiff has made an election which precludes him from maintaining this action. This is based upon

the fact that the plaintiff through his attorneys has prevented the attaching officer from paying over the money to the defendant, has undertaken to attach it, and has refused to release the bonds provided the defendant would abandon his claim to the money in the officer's hands. The circumstances were not such as required the plaintiff to act at his peril in selecting his procedure. He had secured a judgment against Law, the amount of which was greater than even the bond, and the bond was larger than the cash deposit. To be in doubt as to the binding force of the bond and yet to try to hold the money on deposit are not as matter of law such irreconcilably inconsistent positions that one must choose his final stand once for all and lose wholly if a mistake is made in this respect. *Bingham* v. *Monroe,* 212 Mass. 455. If there has been abuse of process by the plaintiff, that cannot operate as a defense at this stage of this case. *Butler* v. *Hildreth,* 5 Met. 49, *Evans* v. *Warren,* 122 Mass. 303, and very numerous kindred cases relied on by the defendant have no application to these facts.

4. For the same reasons it cannot be said that the plaintiff has waived his right to enforce the bond. The action brought by the plaintiff on the judgment against Law was no waiver of a right to sue on the bond. The remedy against the principal debtor and against the sureties on the bond were concurrent and not exclusive one of the other. *Watts* v. *Stevenson,* 169 Mass. 61. *Tracy* v. *Preble,* 117 Mass. 4. Moreover, it was one of the agreed facts that the counsel who brought the action against Law, whereby it was attempted to attach as his the money in the officer's hands, would testify that he did not know of the assignment of it to the defendant.

5. The letters between counsel do not constitute any defense to this action. Even if brought to the attention of the plaintiff, there is nothing in their substance which constitutes either an election of remedies or a waiver of rights. Failure to answer a letter or to accede to its demands commonly does not amount to an admission of the facts stated in it, *Callahan* v. *Goldman,* 216 Mass. 234, *Pye* v. *Perry, ante,* 68, *Fearing* v. *Kimball,* 4 Allen, 125, 128, nor to an election or estoppel, *Huntress* v. *Hanley,* 195 Mass. 236.

6. It has been argued that there was a failure of consideration

for the bond, in that the defendant did not forthwith receive the money released from attachment. But the bond, being under seal, imported a consideration. *Page* v. *Trufant,* 2 Mass. 159. *Hayes* v. *Kyle,* 8 Allen, 300. The discharge of the attachment by operation of law was also a consideration for the bond. This was not affected by the subsequent wrongful detention of the money by the officer. Moreover, this defendant has collected the money of Kelly by action which was founded on the sufficiency and validity of the bond. A different situation might have been presented if the money had been placed beyond the reach of the person entitled to it, or if the defendant had not recovered it.

7. The defendant contends that the failure of the officer at the instigation of the plaintiff to surrender the money immediately upon the filing of the bond, and the subsequent actions, are such an interference with the rights and such prejudice to the interests of the surety upon the bond as to discharge him. The obligation of the surety on the bond was to pay the judgment up to the penal sum of the bond. There has been no intermeddling by the plaintiff with that obligation. It was not conditioned upon the payment to the defendant of the money held on attachment. The release of money from attachment resulted from the delivery and acceptance of the bond. Whatever might be the respective rights and obligations of the parties if he had allowed the money to remain in the hands of the officer, or if the plaintiff had succeeded in preventing him from getting it, it is plain that the defendant, having recovered the money by action, cannot escape his liability as surety on the bond because of a mistake in law on the part of the plaintiff as to the character and effect of the bond. The principle is well settled that the creditor must use good faith toward the surety, and cannot deprive him of the power of obtaining indemnity. But difference of opinion between the surety and creditor as to propositions of law such as are disclosed upon this record are not the equivalent of bad faith or the violation of the creditor's duty to a surety. The agreed facts fail to show any fraud or imposition practised in the giving of the bond. The circumstances are widely variant from those in *Hazard* v. *Irwin,* 18 Pick. 95, and like cases, and its rule has no application here.

8. The defendant contends that, because the attaching officer retained the money without right after the attachment was dis-

solved, the writ on which the attachment was made and all subsequent proceedings had upon it are void. But this is not sound. There was no wrongful dealing with property held under attachment. It had been freed from attachment by the giving of the bond. *Codman* v. *Freeman*, 3 Cush. 306, 315, affords no support for this proposition of the defendant.

9. The judgment was not in excess of the penal sum of the bond with interest and costs. The defendant cannot complain in this regard. *McNeilly* v. *Driscoll*, 208 Mass. 293. The amount which could be recovered by the plaintiff in his action against Law was limited only by the *ad damnum* of the original writ. That was not cut down to the damages named in the special precept, which was issued for a supplementary attachment. A precept for special attachment is ancillary to the original writ, not in substitution for it and does not of itself affect its essential terms.

10. No demand was necessary as a prerequisite to bringing this action. The condition of the bond was to pay to the plaintiff the amount of final judgment within thirty days after it was entered. Failure to make such payment was a breach of the condition of the bond and fastened liability on the surety. *Watertown Fire Ins. Co.* v. *Simmons*, 131 Mass. 85. *Prior* v. *Pye*, 164 Mass. 316. *Wakefield* v. *American Surety Co.* 209 Mass. 173, 177. See *Welch* v. *Walsh*, 177 Mass. 555. No demand being necessary to fix the default, interest is to be allowed from the date of default. *Bank of Brighton* v. *Smith*, 12 Allen, 243, 251. *Rogers* v. *Abbot*, 206 Mass. 270, 274. There was no need of issue of execution with return unsatisfied made by the officer to establish liability upon the bond. *Campbell* v. *Brown*, 121 Mass. 516.

11. The original cause of action in favor of the plaintiff, *Jennings* v. *Law*, 199 Mass. 124, was an accommodation note given by Law to one Owen, who indorsed it to the plaintiff and at the same time delivered to him certain collateral security. At the date of that writ the plaintiff held of this collateral one note on which he collected $200. This was not credited to Law in determining the amount of the judgment entered against him. Law, as accommodation maker of a note to the order of Owen, indorsed to the plaintiff with knowledge of Law's relation to it, was as between the parties a surety. This fact may be considered in the present case in deciding the amount for which execution is

to issue in equity and in good conscience. Law, being an accommodation maker of the note for the benefit of Owen, and hence as between the parties a surety, was entitled upon payment to be subrogated to the benefit of the collateral of the principal debtor in the hands of the holder of the note. The present defendant, being surety for Law touching the same transaction, is entitled upon payment of his obligation to subrogation to all rights of Law in the premises. In order to save circuity of action, the rights of the parties may be adjusted in this proceeding. It follows that the $200 should be considered in determining the amount for which execution is to issue. Although the defendant presented no request for a ruling expressly covering this point, his exceptions are broad enough to enable him to prevail upon it. The plaintiff's exception on this point is overruled and that of the defendant sustained. *Baker* v. *Briggs,* 8 Pick. 122. *Bearse* v. *Lebowich,* 212 Mass. 344, and cases there cited. It is possible, however, that upon further hearing upon this matter the defendant may prefer to rely upon his general rights of subrogation rather than upon this limited one, which by itself apparently makes only a trifling difference in the amount of his liability. He ought to be given an opportunity for a hearing in this regard.

12. The plaintiff may amend the second count of his declaration by stating the amount of the bond to be $900.

13. All the points of substance raised by the defendant have been considered. It is not necessary to discuss his argument further in detail. The plaintiff has waived his exceptions, except that already considered, in view of this result, and they need not be discussed.

14. The judgment should be for the penal sum of the bond, but the execution should issue only for the amount of judgment for debt and costs in the action *Jennings* v. *Law,* after making such deductions as may be found just upon due consideration of the defendant's rights to subrogation, as hereinbefore pointed out. See R. L. c. 177, §§ 9, 10.

The only exception sustained is that discussed under paragraph 11 of this opinion and the further hearing is to be confined to that point.

*So ordered.*