Rose M. Porter *vs.* Edgar C. Rust & another, executors.

Suffolk. March 22, 1921. — May 27, 1921.

Present: Rugg, C. J., Braley, De Courcy, Pierce, & Carroll, JJ.

*Evidence,* Competency, Admissions, *Res inter alios.* *Agency,* Existence of relation.

At the trial of an action of tort for deceit by a woman against one who was the president and treasurer of a corporation owning real estate, the plaintiff contended that the defendant falsely represented that he was authorized by the corporation to employ her as a broker to procure a purchaser of some of its real estate, that she procured a customer and that the directors of the corporation refused to effectuate the sale. It appeared that the plaintiff had brought an action against the corporation for her commission at the trial of which a verdict was ordered for the corporation. The plaintiff was allowed *de bene* to introduce evidence tending to show that the counsel for the corporation in seeking the ordering of that verdict had contended that the stockholders of the corporation had not authorized the directors to sell the real estate. The evidence was stricken out and the plaintiff excepted. The jury found for the defendant. *Held,* that the evidence properly was stricken out, the defendant as an individual not being a party to that action and the statements by the corporation's counsel not being admissions by him.

Contract or tort, originally begun by an action of contract against the defendants' testator, Nathaniel J. Rust. Writ dated August 29, 1916.

The fourth and fifth counts of the declaration, which alone are material, all others being waived, were in tort for deceit, the plaintiff alleging that the defendants' testator falsely represented that he was authorized by the Boston Storage Warehouse Company, of which he was president and treasurer, to employ her as a broker to sell real estate owned by it, that she procured a customer, and that the directors of the corporation refused to effectuate a sale.

The action was tried before *Sanderson,* J. ' The only exception saved at the trial was to the striking out of certain evidence, admitted *de bene,* tending to show that the attorney for the corporation, of which the defendants' testator was the president and treasurer, contended, in an action by the plaintiff against it for a commission alleged to have been earned as a real estate broker, that a verdict should be ordered for the defendant in that action

because the stockholders had not authorized a sale of the land, a customer for the purchase of which the plaintiff had procured.

There was a verdict for the defendants; and the plaintiff alleged exceptions.

*W. M. Noble,* for the plaintiff.

*R. L. Mapplebeck,* for the defendants.

BRALEY, J. The plaintiff, as shown by the writ dated August 29, 1916, originally sued Nathaniel J. Rust in an action of contract, and because the defendants are referred to as his executors we assume that he is not living, and they have duly appeared to defend the action. But, whether before or after the executors had appeared, the plaintiff on April 20, 1920, was allowed to amend the writ so that it should read "in an action of contract or tort," and by adding to the declaration the fourth and fifth counts in tort on which the case was tried, the other counts having been waived. The jury returned a verdict for the defendants, and the case is here on the plaintiff's exceptions to the exclusion of evidence.

The plaintiff is a real estate broker. The Boston Storage Warehouse Company, presumably a domestic corporation of which the testator was president and treasurer, owned a parcel of land it desired to sell, and, the plaintiff having found a customer able and willing to buy, communicated the offer to the directors who voted to authorize the president and treasurer to negotiate a sale on the terms proposed. The jury would have been warranted in finding that the plaintiff had been the efficient cause of procuring an acceptable customer, but, the directors having decided not to sell, she thereupon sued the corporation to recover her commission, and at the trial a verdict was ordered for the defendants. It is her contention in the present action that the testator falsely and fraudulently represented that he was duly authorized to employ her as a broker, and, the action against the corporation having failed under the ruling of the court that the directors had not been authorized by the stockholders to make the sale, the testator, a stockholder financially interested in the outcome, when sued for deceit is estopped by the ruling. See *Jefts* v. *York,* 10 Cush. 392, 395.

But it is plain that what was said by counsel when stating the grounds on which he asked for a directed verdict in the action

against the corporation, "because the directors had not been authorized by the stockholders to sell real estate," was inadmissible in the case at bar. The testator not having been a party or privy to that action, the statements of counsel for the corporation cannot be treated as admissions binding him, and, the position of the defendants therefore not being inconsistent with the proceedings in the other action, the judge rightly excluded the evidence. *Jennings* v. *Wall*, 217 Mass. 278, 281.

*Exceptions overruled.*