EDWARD MILLER & another *vs.* GERTRUDE LONDON & another, trustees, & others.

Suffolk. January 15, 1936. — April 10, 1936.

Present: RUGG, C.J., CROSBY, FIELD, DONAHUE, & LUMMUS, JJ.

*Bond,* To dissolve attachment. *Levy. Execution. Surety.*

After dissolution by bond of an attachment of property on mesne process, a levy on execution on the same property which had not resulted in payment of any part of the judgment did not discharge the surety on the bond.

CONTRACT on a bond given to dissolve an attachment. Writ dated August 18, 1934.

The action was heard in the Superior Court on an agreed statement of facts by *Morton,* J., who found for the plaintiffs in the sum of $6,000, the penal sum of the bond in suit. The defendants alleged exceptions.

*J. C. Johnston,* for the defendants.

*E. Miller,* for the plaintiffs.

CROSBY, J. This is an action upon a bond given to dissolve an attachment made by virtue of a trustee writ dated July 31, 1930. The plaintiff was David Lender; the defendants were Gertrude London and Harry B. London as trustees of the Colonial Realty Trust under a declaration of trust dated August 31, 1928, registered as document numbered 85631 in the land registration office of Suffolk County, Colonial Realty Trust established under said declaration of trust, and Harry B. London of Boston; and M. R. Smith and others were named as trustees. On August 1, 1930, by virtue of the trustee writ above referred to, a deputy sheriff for Suffolk County attached all the right, title and interest Gertrude London and Harry B. London as trustees of the Colonial Realty Trust, Colonial Realty Trust, and Harry B. London, or any of them, had in and to any and all registered land in the county of Suffolk, certificate numbers 24537 and 24697.

The case is before this court upon the defendants' bill of exceptions, in which there is an agreed statement of facts. The bond is annexed to the plaintiffs' declaration and is dated August 13, 1930; it was given by Gertrude London and Harry B. London, trustees of the Colonial Realty Trust, as principals, and Gertrude London and Ruth D. London, as sureties, in favor of David Lender, or his executors, administrators, or assigns. The condition of the bond is as follows: "THE CONDITION of this obligation is such that whereas the said David Lender has caused the goods and estate of the said Gertrude London and Harry B. London, Trustees of the Colonial Realty Trust, to the value of Six Thousand dollars to be attached on mesne process by virtue of a writ in favor of the said David Lender against the said Gertrude London and Harry B. London, Trustees of Colonial Realty Trust and et als and M. R. Smith et ali trustees bearing date the thirty-first day of July A.D. 1930, and returnable to the Superior Court for the County of Suffolk in the Commonwealth of Massachusetts, on the first Monday of September A.D. 1930, and whereas the said Gertrude London and Harry B. London, Trustees of Colonial Realty Trust desire to dissolve said attachment accord-

ing to law. Now, THEREFORE, if the said Gertrude London and Harry B. London, Trustees of Colonial Realty Trust shall within thirty days after the final judgment in the aforesaid action, pay to the plaintiff therein the amount, if any, which he shall recover in such action, and shall also, within thirty days after the entry of any special judgment . . . pay to said plaintiff the sum, if any, for which such special judgment shall be entered, then this obligation shall be void, otherwise it shall be and remain in full force and virtue."

Before hearing upon the merits in the action in which the bond was given, the plaintiff therein, David Lender, in writing assigned to the present plaintiffs, Edward Miller and Samuel Miller, all his right, title and interest in and to the claim sued upon and these assignees were allowed by the judge to appear and prosecute the action for their own use and benefit. After hearing on the merits the judge found against the defendant Colonial Realty Trust in the sum of $2,307.07, and against the defendant Harry B. London in the sum of $159.53. Gertrude London and Harry B. London, as trustees of the Colonial Realty Trust, and the Colonial Realty Trust thereafter filed a bill of exceptions which was disallowed. The defendants filed in this court a petition to establish the truth of the exceptions; this petition was dismissed December 12, 1933. The defendants again filed a bill of exceptions to this court and the exceptions ·were overruled. *Lender* v. *London*, 286 Mass. 45. On April 13, 1934, a motion filed by the plaintiff for separate judgments was allowed. On May 7, 1934, the plaintiff in the action referred to in the bond recovered judgment against the Colonial Realty Trust for $2,566.59 damages and $335 costs and also recovered judgment against Harry B. London for $177.39 damages and $335 costs. On May 8, 1934, executions issued thereon in favor of Edward Miller and Samuel Miller, assignees of David Lender. It was recited in the execution against the realty trust that "the judgment was obtained against Gertrude London and Harry B. London as they are trustees of the Colonial Realty Trust; . . . and Colonial Realty Trust . . . ."

On June 1, 1934, a deputy sheriff for the county of Suffolk upon the request of the plaintiffs seized the following property: All the right, title and interest which Gertrude London and Harry B. London as trustees of the Colonial Realty Trust under a declaration of trust dated August 31, 1928, registered as document numbered 85631 in the land registration office of Suffolk County; and Colonial Realty Trust established under a declaration of trust dated August 31, 1928, registered as document numbered 85631 in the land registration office for Suffolk County had (not exempt by law from attachment or levy on execution) on August 1, 1930, at 11:20 A.M. "(being the time when the same was attached on mesne process)" in and to certain described registered land, "Certificate of Title No. 24697." July 28, 1934, at twelve o'clock, was fixed as the date of the sale of the property. On that date, for lack of bidders the sheriff adjourned the sale for one week, and thereafter for the same cause the sale was adjourned from week to week until the present time; "the proceedings upon the levy of the execution are still pending and progressing and, except in so far as the levy proceedings may constitute satisfaction as matter of law, no money whatsoever and no consideration whatsoever and no satisfaction of any kind have been received or realized therefrom by the plaintiffs in the case at bar or by David Lender, the original plaintiff in the action referred to in the bond." As the judgments against Harry B. London and the Colonial Realty Trust have not been satisfied in whole or in part, the present plaintiffs, as assignees of David Lender under the written assignment hereinbefore referred to, bring this action upon the bond given to dissolve the attachment.

The defendants requested the judge to rule as follows: "1. If it appears that the plaintiff levied upon the execution issued in the action in which the bond to dissolve attachment sued upon herein was given, the plaintiff cannot recover in this action. 2. If it appears that the plaintiff levied upon the execution issued in the action in which the bond to dissolve attachment sued upon herein was given and that said levy is now pending, the plaintiffs cannot recover in this

action." The judge declined to rule as requested, and the defendants excepted.

The precise question raised by these requests is whether a levy upon property attached by mesne process, to dissolve which attachment the bond in suit was given, operates as a satisfaction of the judgment so as to discharge the sureties on the bond. The defendants contend that there is a misjoinder of parties defendant; that the bond is to be interpreted as an obligation to pay a judgment against the principal only and that there can be no recovery by reason of the fact that the declaration is ambiguous. No exceptions appear in the record raising these questions. It is plain that they are not raised by the requests for rulings. An execution is a process issued from a court in which a judgment has been rendered, in a civil action, for the purpose of carrying the judgment into effect. The officer is commanded in the execution to cause payment to be made out of the property, real or personal, of the debtor, and in some cases in default of property to take the body of the debtor and commit him to jail. *Hoar* v. *Tilden,* 178 Mass. 157, 160.

It is provided by G. L. (Ter. Ed.) c. 235, § 31, that "All property which by common law is liable to be taken on execution, may be taken and sold thereon, except as otherwise expressly provided." At common law property worn upon the person was exempt from attachment, for the reason that an attempt to distrain such articles would lead to a breach of the peace. *Mack* v. *Parks,* 8 Gray, 517, 520. Private papers and books of account were also exempt from attachment. *Oystead* v. *Shed,* 12 Mass. 506, 510. Property, the attachment of which would materially injure it so that it could not be returned to the defendant in substantially the same condition as when taken, as hides in a vat for tanning, was exempt. *Bond* v. *Ward,* 7 Mass. 123, 129. Compare *Cheshire National Bank* v. *Jewett,* 119 Mass. 241, 244. In addition to the property at common law exempt from attachment, and consequently exempt from seizure on execution, there are many provisions in the statutes exempting property from seizure on execution. See G. L. (Ter. Ed.) c. 235, § 34; c. 176, § 30; c. 152, § 47;

c. 175, §§ 125, 126; c. 188, § 1; c. 223, § 42. There is no provision exempting from seizure on execution property attached and subsequently released by the giving of a bond under G. L. (Ter. Ed.) c. 223, § 120 or § 125. The effect of giving a bond under those sections is not to work a complete substitution of securities. The effect is to permit a defendant, who has given bond in compliance therewith, to dispose of the property which was attached. If after giving the bond he decides not to dispose of the property but to retain it, it is liable to seizure on execution. If it be assumed that the plaintiffs had no right to levy upon the property in question, the levy, while an abuse of process, would not operate as a defence to the sureties on the bond. See *Jennings* v. *Wall*, 217 Mass. 278, 282. In any event, the levy on the property in question cannot be held to operate as a satisfaction of the judgment so as to discharge the sureties. The levy has proved wholly unavailing to the plaintiffs. The right to recover against the sureties is not to be affected by the levy, as it has failed to result in the payment of any part of the execution. See *Murray* v. *Shearer*, 7 Cush. 333, 336. It is well settled that the creditor must exercise good faith toward the surety, and cannot deprive him of the power of obtaining indemnity. *Jennings* v. *Wall*, 217 Mass. 278. There has been no bad faith in the present case. The sureties have not been deprived of the power of obtaining indemnity. The plaintiffs have not without the sureties' consent extended the time of payment by the debtors by a valid enforceable agreement, *Taborsak* v. *Massachusetts Bonding & Ins. Co.* 289 Mass. 8, 12, nor have they done anything to jeopardize the position of the sureties. The sureties have no cause to complain on account of the diligence of the plaintiffs in seeking the enforcement of the judgments by levy of execution. Instead of being injured, the sureties stood to be benefited to the extent of any sum realized. See *Dorr* v. *Kershaw*, 18 La. 57, 58.

*Exceptions overruled.*