Bolster, C. J.
The first and third of these cases, in tort, are based on the Jones Act, so-called (U. S. Code, Title 46, § 13, U. S. Stat. at Large, 1920, Ch. 250, § 33) for injuries alleged to have been caused by the negligence of the defendant on two of its vessels lying off Staten Island, New York, in the first case, and off Stapleton, New Jersey, in the third. The second action, in contract, is for maintenance and cure under the general maritime law.
*407 The report is, in essence, of the overruling of an answer in abatement in each case, which is based on the alleged fact that the principal office of the defendant was in New York. The judge has found the defendant has neither residence nor principal office in Massachusetts. He has given a ruling requested by the plaintiff referring to the defendant’s “principal place of business.” The two expressions do not mean the same thing. Caceres v. U. 8. Shipping Board E. F. Corp., 299 Fed. 968, but they have been treated as synonymous in argument.
The Jones Act gave a seaman a compensatory remedy for negligent injury, and by reference to the Bailway Act deprived the employer of certain common-law defences. The pertinent section concludes with this clause:—
“Jurisdiction in such actions shall be under the court of the district in which the defendant employer resides or in which his principal office is located.”
The defendant argues, relying largely on the history of the legislation, that the clause limits jurisdiction to the federal courts, and states that the present legal question is new- It appears to us to have been squarely decided for the plaintiffs in Bainbridge v. Merchants & Miners Trans. Co., 287 U. S. 278. That action was brought in a state court in a district other than that in which was the defendant’s principal office. A judgment of dismissal entered by the state court was reversed by the United States Supreme Court. The Arizona v. Anelich, 298 U. S. 110, and Beadle v. Spencer, 298 U. S. 124, were both cases coming up from state courts, without suggestion that such courts lacked jurisdiction, and the supreme court reviewed them on the merits. The defendant’s argument on this point is foreclosed by binding precedent.
In the second case the original declaration, after reciting that the plaintiff was a member of the crew of the Steam *408 ship Algonquin, that he was injured while moving-some oil drums while the vessel was anchored off Staten Island, New York, and that he has incurred expense for cure and mairiténance, concludes with a statement that, the action-was brought under the Jones Act, although the action is-in contract, and negligence is not alleged. Before the judge passed on the answer in abatement, an amendment to the declaration was allowed' which récited that the action1 was brought under the general maritime law. The defendant’s answer in abatement relies on the same clause at the end of section 33 of the Jones Act which was involved in the other •two cases, but the rulings allowed and denied fairly present the question whether a claim for maintenance and curé is cognizable in state courts. The defendant contends that such an action is not within the “saving clause” of the United States Judicial Code (Title 28, Chapter 10, §371) and that such a claim is cognizable only in admiralty.
The Judicial Code provides that exclusive jurisdiction is vested in'the federal courts of “causes of admiralty and maritime jurisdiction; saving to suitors, in all cases, the right of a common-law remedy; where the common law is competent to give it.”
The right to maintenance and care is a contract right, and exists whether the injuries are due to negligence or accident as án incident to wages. Pacific S. S. Co. v. Peterson, 278 U. S. 130, John A. Roeblin & Sons Co. v. Erickson, 261
Fed. 986, Chelantis v. Luckenbach SS Co., 247 U. S. 372. The only question heré is one of forum. An action for wages lies in the state courts. Calvin v. Huntley,178 Mass. 29, Bingham v. Monroe, 212 Mass. 455, cf. Proctor v. Dillon, 235 Mass. 538, Carlisle Packing Co. v. Sandanger, 259 U. S. 255, So. Pacific Co. v. Jensen, 244 U. S. 205. In our opinión,, an action of contract for maintenance and cure, stands no differently. No, case holding otherwise has reached óur *409 attention. This is a maritime contract, but that does not exclude the jurisdiction of state courts, the action being in personam, not in rem. '
Nothing is now decided but the right of these plaintiffs to resort to a state court.
Reports dismissed.