**THE STATE OF NEW HAMPSHIRE**

**SUPREME COURT**

**In Case No. 2016-0520, <u>Anita Santos & a. v. Richard J. Buba & a.</u>, the court on April 20, 2017, issued the following order:**

Having considered the brief and record submitted on appeal, we conclude that oral argument is unnecessary in this case.  <u>See</u> <u>Sup. Ct. R.</u> 18(1).  We affirm.

The defendants, Richard J. Buba and Eugenia Buba (tenants), appeal an order of the Superior Court (<u>Wageling</u>, J.) granting a motion to register in New Hampshire a Massachusetts judgment in favor of the plaintiffs, Anita Santos and Roger Bourk (landlords).  <u>See</u> RSA 524-A:2 (2007).  The tenants contend that:  (1) "the judgment was not yet collectible in Massachusetts"; (2) the "judgment is subject to offset in whole or part upon final resolution of [their] counterclaims"; (3) registering the judgment is an abuse of process because the "judgment was scheduled for further litigation in the same summary process action with respect to offsetting claims"; and (4) the landlords are "forum shopping in order to get a more favorable decision with respect to the immediate collection of their judgment for past use and occupancy of the subject premises despite [the tenants'] counterclaims."

The record contains an "Execution on Money Judgment" against each tenant in favor of the landlords.  In Massachusetts, "[a]n execution is a process issued from a court in which a judgment has been rendered, in a civil action, for the purpose of carrying the judgment into effect."  <u>Miller v. London</u>, 1 N.E.2d 198, 200 (Mass. 1936).  "No execution shall issue upon a judgment until the exhaustion of all possible appellate review thereof . . . ."  Mass. Gen. Laws ch. 235, § 16 (2000).

"[W]here a judge determines that an occupant's defenses or counterclaims do not affect the right to possession, the judge may sever the counterclaims and proceed to determine possession in the summary process action."  <u>Federal. Nat. Mortg. Ass'n v. Rego</u>, 50 N.E.3d 419, 427 (Mass. 2016).  The tenants represented to the Massachusetts trial court that the "deferred adjudication" of their counterclaims was "to take place at a later date as a separate action" from the landlords' claims for possession and damages.

To the extent that the tenants have counterclaims against the landlords, the tenants have not shown, under the circumstances of this case, that such

claims prevent registration of the judgment against them. <u>See</u> RSA 524-A:4 (2007). Accordingly, we find no error.

<u>Affirmed</u>.

Dalianis, C.J., and Hicks, Lynn, and Bassett, JJ., concurred.

**Eileen Fox,**
**Clerk**
